# EXHIBIT 1

1/3/2024 10:19 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83024593
By: Tianni Williams
Filed: 1/3/2024 9:17 AM

2024-00262 / Court: 295

CAUSE NO: ________________

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | _______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

Plaintiff Brenham National Bank ("**Plaintiff**") files this Original Petition and Application for Temporary Restraining Order and Temporary Injunction against Defendant Citibank, N.A. ("**Defendant**" or "**Citibank**") and unknown John Doe Defendant (collectively referred to herein as "**Defendants**") and would respectfully show unto the Court as follows:

## DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.3, Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks non-monetary relief. *See* Tex. R. Civ. P. 190.2, 169.

## CLAIM FOR RELIEF

2. Plaintiff seeks to recover more than $250,000.00 but less than $1,000,000.00.

## PARTIES

3. Plaintiff is a national bank doing business in the state of Texas. Plaintiff is bringing its claims against Defendants.

4. Citibank is a national bank doing business in Harris County, Texas. Citibank does not maintain a registered agent in Texas for service of process, so service may be obtained by serving the Texas Secretary of State as its agent pursuant to Section 17.091 of the Texas Civil Practice and Remedies Code.

5. Defendant John Doe is an unknown individual named pursuant to Tex. Civ. Prac. & Rem. Code 16.0045(d).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter because the damages sought are within the jurisdictional limits of the Court. Venue is proper in this Court because Defendant Citibank does business in Harris County and/or all or a substantial part of the events giving rise to claim may have occurred in Harris County, Texas. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a).

## FACTS

7. Plaintiff received wiring instructions from one of its customers on or about December 11, 2023.[1] On information and belief, Plaintiff's customer was defrauded by John Doe Defendant into making the wire transfer and learned of the scam after the wire transfer was completed. Pursuant to the customer's instructions, Plaintiff completed a wire transfer to John Doe's account with Citibank in the amount of $360,801.37.

8. Upon learning of the scam, Plaintiff contacted Citibank to demand the return of the funds. Despite demand, Citibank has refused to return the funds or provide information as to the current location of the funds. Citibank's failure to return the funds has caused Plaintiff to suffer injury.

## CAUSES OF ACTION

### Money Had and Received as to All Defendants

9. Plaintiff adopts and incorporates by reference the foregoing paragraphs above as if fully stated herein. Defendants are liable for claims for money had and received. The only thing that needs to be proved in a claim for money had and received "is that defendant holds money

[1] *See* Exhibit A, a true and correct copy of the affidavit of Tieman H. Dippel, III.

which in equity and good conscience belongs to [the plaintiff].” *London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (quoting *Staats v. Miller*, 243 S.W.2d 686, 687–88 (1951)). Money had and received “is an equitable doctrine that courts apply to prevent unjust enrichment.” *Id.* (*citing Miller-Rogaska, Inc. v. Bank One*, 931 S.W.2d 655, 662 (Tex. App.—Dallas 1996, no writ). “The cause of action is not premised on wrongdoing, but looks to the justice of the case and inquires whether the party has received money that rightfully belongs to another.” *Id.* (US Bank ng *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ). Here, Citibank and/or John Doe hold money or held money, which in equity and good conscience belongs to Plaintiff.

10. Several Texas courts have held that claims for money had and received were recoverable where payment was made based on mistake, fraud, or in other similar circumstances. Indeed, Texas courts have allowed restitution for these types of claims in a variety of cases:

> [B]y a defrauded party against the party who committed the fraud, *see Staats*, 243 S.W.2d at 686–88; *Wiseman v. Baylor*, 6 S.W. 743, 743–44 (Tex. 1887); by a party that made an overpayment, *Benson v. Travelers Ins. Co.*, 464 S.W.2d 709, 710–13 (Tex. Civ. App.—Dallas 1971, no writ); and by a party that paid or credited money to the wrong person or account, *see Amoco Prod. Co.*, 946 S.W.2d at 163–65 (payment to wrong person); *Doss v. Homecomings Fin. Network, Inc.*, 210 S.W.3d 706, 710–11 (Tex. App.—Corpus Christi 2006, pet. denied) (payment applied to wrong account); *Lyman D. Robinson Family Ltd. P'ship v. McWilliams & Thompson, P.L.L.C.*, 143 S.W.3d 518, 520 (Tex. App.—Dallas 2004, pet. denied) (earnest money released to wrong client).

*Edwards v. Mid-Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837–38 (Tex. App.—Dallas 2008, pet. denied).

11. In *Benson* for example, the court explained, “It has been stated as a rule of law that if payments were made because of a serious mistake of fact by the insurer, it is entitled to restitution unless it has agreed to assume the risk of mistake or there is some reason which makes it inequitable or inexpedient for restitution to be granted.” *Benson v. Travelers Ins. Co.*, 464 S.W.2d

709, 712–13 (Tex. Civ. App.—Dallas 1971, no writ) ("Numerous cases throughout the United States are cited in support of this general principle of law."). Accordingly, the court held that the plaintiff was entitled to recover on its claim for overpayment by mistake, even though the mistake was unilateral and not induced by fraud, imposition, undue influence or betrayal of confidence. *Id.* at 710–13.

12. Defendants should have never received the funds from Plaintiff. Defendants received the wired funds, and those funds in the amount of $360,801.37 rightfully belong to Plaintiff in equity and good conscience.

Unjust Enrichment as to All Defendants

13. Plaintiff adopts and incorporates by reference the foregoing paragraphs above as if fully stated herein. Defendants are being unjustly enriched from money that rightfully belongs to Plaintiff through the wire transfer in dispute. The doctrine of unjust enrichment applies to address such a situation. A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *See Pope v. Garrett,* 211 S.W.2d 559, 560 (Tex. 1948); *Austin v. Duval,* 735 S.W.2d 647, 649 (Tex. App.—Austin 1987, writ denied).

14. Unjust enrichment is a cause of action based upon the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay." *Friberg-Cooper Water Supply Corp. v. Elledge,* 197 S.W.3d 826, 832 (Tex. App.—Fort Worth 2006, pet. filed) (quoting *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.)), *rev'd on other grounds,* 240 S.W.3d 869 (Tex. 2007); *Mowbray v. Avery,* 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi 2002, pet. denied); *see Best Buy Co. v. Barrera,* 214 S.W.3d 66, 73 (Tex. App.—Corpus Christi

2006, pet. filed), *rev'd on other grounds,* 248 S.W.3d 160 (Tex. 2007). Unjust enrichment occurs when a person wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied).

15. A claim for unjust enrichment requires proof of the following elements: (1) defendants obtained a benefit from the plaintiff by fraud, duress, or taking undue advantage; or (2) when a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons. *Burlington N. R.R. v. Southwestern Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), aff'd, 966 S.W.2d 467 (Tex.1998); *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992); *Harker Heights v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313, 319 (Tex. App.—Tyler 1996, no writ).

16. Here, the Defendants obtained the wire transfer funds by fraud or by taking undue advantage when John Doe defrauded Plaintiff's customer, causing Plaintiff to send money to a fraudster's account with Defendant. Plaintiff therefore suffered a loss, and Defendants have been unjustly enriched, in the amount of $360,801.37.

Aiding and Abetting as to Defendant Citibank

17. Plaintiff adopts and incorporates by reference the foregoing paragraphs above as if fully stated herein. A court should also grant a judgment in favor of Plaintiff based on the doctrine of Aiding and Abetting by Assisting and Participating. *See City of Fort Worth v. Pippen*, 439 S.W.2d 660, 665 (Tex. 1969). Assisting and participating has long been recognized as a theory for imposing joint liability in Texas. *See Id.* When a defendant assists and participates in causing a particular result with another actor, the defendant is responsible for the result of the united effort if the act, by itself, was a breach of duty and was a substantial factor in causing the result. *See*

RESTATEMENT (SECOND) OF TORTS § 876(c). It is not necessary for the defendant to know that the act of the other actor was tortious; an unintended tort will suffice. *See Id.*

18. In the present case, Citibank assisted and/or participated in John Doe's (its customer's) receipt of the stolen funds by opening the account despite evidence of fraudulent activity and allowing and/or by participating in the disbursements of the funds despite evidence of fraudulent activity, which caused Plaintiff to suffer substantial damages. Based on information and belief, it appears likely that Citibank's customer's bank account was opened primarily for the purpose of committing bank fraud and was used under suspicious circumstances. In this case, the account was used to funnel money through a Citibank account and steal funds and/or money launder the funds.

19. Citibank is responsible for the result of this united effort because its breach of duty, negligence, and tortious conduct was a substantial factor in causing the losses Plaintiff suffered. Therefore, if a fact finder determines that the account was improperly opened at Citibank, security procedures should have detected the bank fraud. Citibank will be held liable to Plaintiff for all damages sustained by Plaintiff as a result of the claims asserted herein up to the face amount of the wire transfer, plus any lost interest and all consequential damages, including attorneys' fees and expenses, incurred by Plaintiff in connection with prosecution and/or defense of the claims associated with Citibank's customer's fraudulent receipt of the funds in the amount of $360,801.37.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

20. Plaintiff respectfully requests that the Court immediately enter a temporary restraining order enjoining Defendants from transferring, diverting, depleting, using, or disposing of the funds representing the money received from the wire transfer in dispute. The Court also

needs to order that such funds be immediately tendered to the registry of the court or to Plaintiff.

21. Plaintiff adopts and incorporates by reference the foregoing paragraphs above as if fully stated herein. Plaintiff asks that the Court grant and issue an *ex parte* temporary restraining order and/or permanent injunction to keep the "status quo" which courts define as 'the last, actual, peaceable, noncontested status which preceded the pending controversy." *Universal Health Servs., Inc. v. Thompson,* 24 S.W.3d 570, 577 (Tex. App.—Austin 2000, no pet.) (quoting *Transp. Co. of Texas v. Robertson Transps., Inc.*, 261 S.W.2d 549, 553–54 (1953)).

22. The purpose of a temporary restraining order is to preserve the status quo ex ante of the subject matter of the litigation until a final hearing can be held on the merits of the case. *Butnaru v. Ford Motor Co*., 84 S.W.3d 198, 204 (Tex. 2002). An applicant for injunctive relief must show "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.*

23. In order to preserve the status quo in this case, Defendant must be enjoined from transferring, diverting, depleting, using, or disposing of the proceeds from the fraudulent wire transfer, and after notice and a hearing, Defendant must be required to tender the proceeds within its possession into the registry of the Court or to Plaintiff. Otherwise, Plaintiff will be imminently and irreparably harmed. *See, e.g.*, *In re Estate of Dilasky*, 972 S.W.2d 763, 767 (Tex. App.—Corpus Christi 1998, no pet.) ("Delay and expense of litigation, as well as the time required to settle the issues, are factors which may be considered in determining whether a court should issue an injunction."). Unless the temporary restraining order and injunction are issued, Plaintiff has shown that the Defendant will likely transfer or dispose of the funds, and as a result, Plaintiff will have no adequate remedy at law to recover the stolen money.

24. Plaintiff has a probable right to the relief Plaintiff seeks on final hearing, and

Plaintiff is likely to succeed on the merits of this lawsuit. Defendant was not entitled to receive possession of the funds and obtained the funds through fraudulent means. Defendant is therefore liable to Plaintiffs for the amount of the wire transfer ($360,801.37) as well as any and all damages resulting from its actions. Accordingly, Defendants are liable to Plaintiff in the amount of $360,801.37, and Plaintiff will likely succeed on the merits of this lawsuit.

25. Plaintiff will also suffer an irreparable injury if the Court does not issue a temporary injunction. Defendant's refusal to return the funds and fraudulent scheme to obtain the funds shows that Defendants will likely either transfer or divert the funds. If the temporary restraining order and temporary injunction are not issued, Plaintiff will suffer an imminent and irreparable injury. In particular, if the Defendants are not enjoined from transferring the funds and are not ordered to deposit any proceeds of the wire transfer or additional funds within their possession into the Court's registry, there is a substantial likelihood that the Defendants will divert the funds and/or ultimately refuse to turn over the funds to Plaintiff even after a judgment is obtained.

26. Additionally, Plaintiff is entitled to the temporary injunction under the principles of equity and the laws of Texas relating to injunctions. *See* TEX. CIV. PRAC. & REM. CODE § 65.011(3). Plaintiff is entitled to the relief demanded, and the relief requires the restraint of actions that are prejudicial to Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE § 65.011(1). Allowing Defendants to retain possession of Plaintiffs' money would be grossly inequitable.

27. Plaintiff has suffered a substantial loss as a result of Defendants' actions, and yet, Defendants are attempting to retain possession of funds that they were never entitled to receive. This money belongs in equity and good conscience to Plaintiff. Defendants cannot equitably be allowed to profit from their decision to retain fraudulently deposited funds. Under the principles of equity and the laws of Texas relating to injunctions, Plaintiff is therefore entitled to an ex parte

order enjoining Defendants from transferring or disposing of the proceeds and an order requiring the Defendants to deliver the proceeds within their possession to the registry of the Court or to Plaintiff. Plaintiff is entitled to this relief, and allowing Defendants to retain possession of the funds would be highly prejudicial to Plaintiff.

28. Enjoining Defendants from transferring or diverting the proceeds of the wire transfer, from attempting to obtain possession of the funds, and ordering the Defendants to deposit these funds into the registry of the Court or tender the funds to Plaintiff will serve the public interest. Balancing the equities and other factors, the significant potential of further irreparable harm to Plaintiff without injunctive relief, and the lack of harm resulting from the entry of injunctive relief, demonstrates that the requested relief will not disserve the public interest.

29. Accordingly, pending the final determination of this action on its merits, Plaintiff requests that this Court:

- Enjoin Defendants in any way transferring, diverting, depleting, using, or disposing of the funds that came from the wire transfer from Plaintiff to John Doe's account at Citibank on or about December 11, 2023; and

- Order Defendants after notice and a hearing, to deposit the proceeds thereof and/or other funds that came from the wire transfer from Plaintiff within their possession into the registry of the Court, or tender the funds to the Plaintiff.

30. Plaintiffs are prepared to pay a reasonable bond upon the issuance of the temporary restraining order and temporary injunction.

## CONDITIONS PRECEDENT

31. Any and all conditions precedent to Plaintiff's right to bring this lawsuit and recover from the Defendants have been fully performed by Plaintiff or have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer by written denial, under oath, if necessary, and that the Court grant Plaintiff Judgment against Defendants as follows:

(a) For all recoverable actual, special, and/or equitable damages or remedies as are set forth herein and at the time of trial, including exemplary damages;

(b) For pre-judgment and post-judgment interest as provided by law;

(c) For injunctive relief against Defendants, including the issuance of a temporary restraining order and a temporary injunction as described herein;

(d) For reasonable and necessary attorneys' fees at all stages of trial and appeals; and

(e) For further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
William P. Huttenbach
State Bar No. 24002330
Greg S. DeVries
State Bar No. 24105802
1401 McKinney, Suite 1700
Houston, Texas 77010
713.658.2323 Telephone
713.658.1921 Fax
whuttenbach@craincaton.com
gdevries@craincaton.com

**ATTORNEYS FOR PLAINTIFF**

2024-00262 / Court: 295

CAUSE NO: ________________

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | _______ JUDICIAL DISTRICT |

**AFFIDAVIT**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF WASHINGTON | § |

BEFORE ME, the undersigned authority, on this day personally appeared Tieman H. Dippel, III, personally known by me to be the person whose name is subscribed below and who swore on oath that the following facts are true:

1. My name is Tieman H. Dippel, III. I am the President and CEO of Brenham National Bank ("**BNB**"), the Plaintiff in the above-styled lawsuit. I am over 21 years of age, of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated in this Affidavit, and they are true and correct.
2. BNB received wiring instructions from one of its customers on or about December 11, 2023. Pursuant to the customer's instructions, Plaintiff completed a wire transfer to John Doe's account with Citibank in the amount of $360,801.37.
2. Upon learning that the wire transfer was obtained by a scam, BNB contacted Citibank to demand the return of the funds. Citibank has not returned the $360,801.37, causing BNB to suffer damages.

FURTHER AFFIANT SAYETH NOT.

Tieman H. Dippel, III [signature]

Tieman H. Dippell, III, President & CEO
Brenham National Bank

SWORN TO AND SUBSCRIBED BEFORE ME on the 3rd day of January, 2024, to certify which witness my hand and seal of office.

Lori Winkelmann [signature]

NOTARY PUBLIC
STATE OF TEXAS

LORI WINKELMANN
Notary Public, State of Texas
Comm. Expires 12-01-2026
Notary ID 619962-3

NOTARY PUBLIC STATE OF TEXAS

1/3/2024 10:19:20 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 83024593
By: WILLIAMS, TIANNI A
Filed: 1/3/2024 9:17:21 AM



CAUSE NO: ________________

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | _______ JUDICIAL DISTRICT |

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

On this day, the Court considered Plaintiff Brenham National Bank ("**Plaintiff**"), Application for Temporary Restraining Order and Temporary Injunction against Defendant Citibank ("**Defendant**" or "**Citibank**") and unknown John Doe Defendant (collectively referred to herein as "**Defendants**"). After considering the pleadings, the evidence, and any arguments of counsel, the Court is of the opinion that the Application should be and hereby is GRANTED.

The Court makes the following findings:

1. An ex parte order, without notice to Defendants, is necessary because there was not enough time to give notice to Defendants, hold a hearing, and issue a restraining order before irreparable injury, loss, or damage would occur. Specifically, Defendants' failure to return funds or freeze funds currently held, if any, shows that the funds currently held are in danger of being lost and potentially may not be recovered.

2. The Court notes that John Doe opened a bank account with Defendant Citibank and fraudulently obtained a wire payment from Plaintiff.

3. Plaintiff asserted claims seeking permanent relief.

4. Plaintiff has shown a probable right to recover the relief sought in the Original Petition and Application for Temporary Restraining Order and Temporary Injunction.

5. In the absence of this temporary restraining order, Plaintiff would be immediately and irreparably harmed because, in addition to other reasons, Defendants could transfer, divert, deplete, use, or dispose of the funds they may currently hold in their possession; Defendants would likely continue to refuse to return the funds,

> which they are not entitled to possess; and Plaintiff would be forced to incur substantial additional costs and delays as an apparent intentional result of Defendant's actions.

It is therefore ORDERED, ADJUDGED, and DECREED that Defendants are hereby restrained from the following:

> 1. Defendants are hereby restrained from transferring, diverting, depleting, using, or disposing of the proceeds of the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023;
>
> 2. Defendants are ordered to immediately freeze the funds or tender the amount of $360,801.37 into the registry of the Court.
>
> 3. Defendants are hereby restrained from in any way allowing the current value of the proceeds within Defendants' possession to decrease by any amount; and
>
> 4. Defendants are hereby restrained from in any way seeking or attempting to spend, secrete, hide, transfer, and/or dispose of the funds they may currently be holding in their possession or in any way transferring, diverting, depleting, using, or disposing of any of the proceeds from the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023.

It is further ORDERED, ADJUDGED, and DECREED that the parties shall appear before this Court on the ______ day of ________________________, 2024 at _____. ___.m. for a hearing on Plaintiff's Application for Temporary Injunction. The purpose of this temporary injunction hearing is to allow Defendants the opportunity to appear before this Court and show cause as to why they should not be ordered to forfeit and tender $360,801.37 from the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023 into the registry of the Court.

The clerk of this Court is hereby directed to issue a Show Cause Order to Defendants, requiring Defendants to appear at the temporary injunction hearing. The clerk of this Court shall, upon the filing by Plaintiff of the bond requirement and on approving of the same, issue a

temporary restraining order in conformity with Texas law and the terms of this Order, starting at the date and hour of issuance and stating the date the order expires.

The order shall not be effective unless and until Plaintiff executes and files with the clerk a bond, in conformity with Texas law, in the amount of $500.00.

Signed this _____ day of ________________, 2024 at ___:___ __.m.

______________________________
PRESIDING JUDGE