# EXHIBIT 4

**HCDistrictclerk.com**        BRENHAM NATIONAL BANK vs. CITIBANK NA                1/31/2024
Cause: 202400262        CDI: 7      Court: 295

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**NOTICES**
No Notices found.

**SUMMARY**

CASE DETAILS                                    CURRENT PRESIDING JUDGE

| | | | |
|---|---|---|---|
| **File Date** | 1/3/2024 | **Court** | 295th |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:8329271375 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | OTHER CIVIL | **JudgeName** | DONNA ROTH |
| **Next/Last Setting Date** | 3/6/2024 | **Court Type** | Civil |
| **Jury Fee Paid Date** | N/A | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| BRENHAM NATIONAL BANK | PLAINTIFF - CIVIL | | HUTTENBACH, WILLIAM PATTERSON |
| 1401 MCKINNEY, HOUSTON, TX 77010 | | | |
| CITIBANK NA | DEFENDANT - CIVIL | | |
| 1019 BRAZOS STREET, AUSTIN, TX 78701 | | | |
| DOE, JOHN | DEFENDANT - CIVIL | | |
| CITIBANK NA BY SERVING THE TEXAS SECRETARY OF STATE | REGISTERED AGENT | | |
| 5800 S CORPORATE PLACE MC 451, SIOUX FALLS, SD 57108 | | | |

**INACTIVE PARTIES**
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 1/19/2024 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER SIGNED | 1/19/2024 | | 2 | | | |
| 1/19/2024 | ORDER SIGNED GRANTING CONTINUANCE | 1/19/2024 | | 2 | | | |
| 1/3/2024 | HEARING HELD FOR ANOTHER COURT | | | 0 | | | |
| 1/3/2024 | RULING MADE - HEARING COMPLETE | | | 0 | | | |
| 1/3/2024 | BENCH HEARING ASSIGNED | | | 0 | | | |
| 1/3/2024 | EVIDENCE PRESENTED (BENCH HEARING) | | | 0 | | | |
| 1/3/2024 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 1/3/2024 | | 3 | | | |
| 1/3/2024 | ORIGINAL PETITION | | | 0 | | HUTTENBACH, WILLIAM PATTERSON | BRENHAM NATIONAL BANK |
| 1/3/2024 | ORDER SIGNED SETTING HEARING | 1/3/2024 | | 3 | | | |
| 1/3/2024 | ORDER SETTING BOND SIGNED | 1/3/2024 | | 3 | | | |

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|------|-----------------|-------------|--------|---------|----------|------------------|
| 1/03/2024 03:00 PM | 133 | Ancillary Docket | TEMPORARY RESTRAINING ORDER (MOTION FOR) | Tried | GRNT O/S | |
| 1/15/2024 11:00 AM | 295 | Law Day Docket | TEMPORARY INJUNCTION (MOTION FOR) | Re-Set | | |
| 1/22/2024 02:30 PM | 295 | Law Day Docket | TEMPORARY INJUNCTION (MOTION FOR) | Passed | PER PLT COUNSEL | HUTTENBACH, WILLIAM PATTERSON |
| 3/06/2024 10:00 AM | 295 | Law Day Docket | TEMPORARY INJUNCTION (MOTION FOR) | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (SECRETARY OF STATE NON-RESIDENT) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | CITIBANK NA BY SERVING THE TEXAS SECRETARY OF STATE | 1/9/2024 | 1/9/2024 | 1/12/2024 | | | 74274915 | E-MAIL |

5800 S CORPORATE PLACE MC 451 SIOUX FALLS SD 57108

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 112316371 | Unopposed Emergency Motion to Continue Temporary Injunction Hearing and Extend Temporary Restraining Order | | 01/19/2024 | 2 |

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| -> 112316372 | Proposed Order Continuing Temporary Injunction Hearing and Extending Temporary Restraining Order | | 01/19/2024 | 2 |
| 112319265 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER SIGNED | | 01/19/2024 | 2 |
| | ORDER SIGNED GRANTING CONTINUANCE | | 01/19/2024 | |
| 112044390 | Proposed Order Granting Plaintiffs Application For Temporary Restraining Order and Temporary Injunction | | 01/03/2024 | 3 |
| | Proposed Order Granting Plaintiffs Application For Temporary Restraining Order and Temporary Injunction | | 01/03/2024 | |
| 112319265 | ORDER SIGNED GRANTING CONTINUANCE | | 01/19/2024 | 2 |
| 112044390 | Proposed Order Granting Plaintiffs Application For Temporary Restraining Order and Temporary Injunction | | 01/03/2024 | 3 |
| 112239414 | Citation (Executed) - Citibank NA | | 01/16/2024 | 3 |
| 112142553 | Notice of Hearing | | 01/09/2024 | 2 |
| 112143007 | Request for Citation - Citibank | | 01/09/2024 | 1 |
| 112157833 | Notice of Hearing | | 01/09/2024 | 2 |
| 112044611 | Plaintiffs Original Petition And Application For Temporary Restraining Order and Temporary Injunction | | 01/03/2024 | 10 |
| -> 112044612 | Exhibit A - Affidavit | | 01/03/2024 | 1 |
| 112046992 | Notice of Oral Hearing | | 01/03/2024 | 1 |
| 112056078 | ORDER SETTING BOND SIGNED | | 01/03/2024 | 3 |
| | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | | 01/03/2024 | |
| | ORDER SIGNED SETTING HEARING | | 01/03/2024 | |
| 112093722 | Clerks Certificate of Cash Deposit in Lieu of Injunction Bond Per Order of the Court | | 01/03/2024 | 1 |

# 2024-00262

**COURT:**  295th

**FILED DATE:**  1/3/2024

**CASE TYPE:**  OTHER CIVIL



### BRENHAM NATIONAL BANK

**Attorney: HUTTENBACH, WILLIAM PATTERSON**

### vs.

### CITIBANK NA

| Docket Sheet Entries | |
|---|---|
| Date | Comment |
| 1/3/2024 | STBNX - ORDER SETTING BOND SIGNED |
| 1/3/2024 | TRORX - ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER |
| 1/3/2024 | CASO - ORDER SIGNED SETTING HEARING |
| 1/19/2024 | XTROX - ORDER EXTENDING TEMPORARY RESTRAINING ORDER SIGNED |
| 1/19/2024 | CONTX - ORDER SIGNED GRANTING CONTINUANCE |

1/3/2024 10:19 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83024593
By: Tianni Williams
Filed: 1/3/2024 9:17 AM

CAUSE NO: _____

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

Plaintiff Brenham National Bank ("**Plaintiff**") files this Original Petition and Application for Temporary Restraining Order and Temporary Injunction against Defendant Citibank, N.A. ("**Defendant**" or "**Citibank**") and unknown John Doe Defendant (collectively referred to herein as "**Defendants**") and would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN

1.    Pursuant to Texas Rule of Civil Procedure 190.3, Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks non-monetary relief. *See* Tex. R. Civ. P. 190.2, 169.

### CLAIM FOR RELIEF

2.    Plaintiff seeks to recover more than $250,000.00 but less than $1,000,000.00.

### PARTIES

3.    Plaintiff is a national bank doing business in the state of Texas. Plaintiff is bringing its claims against Defendants.

4.    Citibank is a national bank doing business in Harris County, Texas. Citibank does not maintain a registered agent in Texas for service of process, so service may be obtained by serving the Texas Secretary of State as its agent pursuant to Section 17.091 of the Texas Civil Practice and Remedies Code.

1

5.      Defendant John Doe is an unknown individual named pursuant to Tex. Civ. Prac. & Rem. Code 16.0045(d).

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter because the damages sought are within the jurisdictional limits of the Court. Venue is proper in this Court because Defendant Citibank does business in Harris County and/or all or a substantial part of the events giving rise to claim may have occurred in Harris County, Texas. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a).

### FACTS

7.      Plaintiff received wiring instructions from one of its customers on or about December 11, 2023.[1] On information and belief, Plaintiff's customer was defrauded by John Doe Defendant into making the wire transfer and learned of the scam after the wire transfer was completed. Pursuant to the customer's instructions, Plaintiff completed a wire transfer to John Doe's account with Citibank in the amount of $360,801.37.

8.      Upon learning of the scam, Plaintiff contacted Citibank to demand the return of the funds. Despite demand, Citibank has refused to return the funds or provide information as to the current location of the funds. Citibank's failure to return the funds has caused Plaintiff to suffer injury.

### CAUSES OF ACTION

### Money Had and Received as to All Defendants

9.      Plaintiff adopts and incorporates by reference the foregoing paragraphs above as if fully stated herein.  Defendants are liable for claims for money had and received. The only thing that needs to be proved in a claim for money had and received "is that defendant holds money

---

[1] *See* Exhibit A, a true and correct copy of the affidavit of Tieman H. Dippel, III.

which in equity and good conscience belongs to [the plaintiff]." *London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (quoting *Staats v. Miller*, 243 S.W.2d 686, 687–88 (1951)). Money had and received "is an equitable doctrine that courts apply to prevent unjust enrichment." *Id.* (*citing Miller-Rogaska, Inc. v. Bank One*, 931 S.W.2d 655, 662 (Tex. App.—Dallas 1996, no writ). "The cause of action is not premised on wrongdoing, but looks to the justice of the case and inquires whether the party has received money that rightfully belongs to another." *Id.* (US Bank ng *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ). Here, Citibank and/or John Doe hold money or held money, which in equity and good conscience belongs to Plaintiff.

10.     Several Texas courts have held that claims for money had and received were recoverable where payment was made based on mistake, fraud, or in other similar circumstances. Indeed, Texas courts have allowed restitution for these types of claims in a variety of cases:

> [B]y a defrauded party against the party who committed the fraud, *see Staats*, 243 S.W.2d at 686–88; *Wiseman v. Baylor*, 6 S.W. 743, 743–44 (Tex. 1887); by a party that made an overpayment, *Benson v. Travelers Ins. Co.*, 464 S.W.2d 709, 710–13 (Tex. Civ. App.—Dallas 1971, no writ); and by a party that paid or credited money to the wrong person or account, *see Amoco Prod. Co.*, 946 S.W.2d at 163–65 (payment to wrong person); *Doss v. Homecomings Fin. Network, Inc.*, 210 S.W.3d 706, 710–11 (Tex. App.—Corpus Christi 2006, pet. denied) (payment applied to wrong account); *Lyman D. Robinson Family Ltd. P'ship v. McWilliams & Thompson, P.L.L.C.*, 143 S.W.3d 518, 520 (Tex. App.—Dallas 2004, pet. denied) (earnest money released to wrong client).

*Edwards v. Mid-Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837–38 (Tex. App.—Dallas 2008, pet. denied).

11.     In *Benson* for example, the court explained, "It has been stated as a rule of law that if payments were made because of a serious mistake of fact by the insurer, it is entitled to restitution unless it has agreed to assume the risk of mistake or there is some reason which makes it inequitable or inexpedient for restitution to be granted." *Benson v. Travelers Ins. Co.*, 464 S.W.2d

709, 712–13 (Tex. Civ. App.—Dallas 1971, no writ) ("Numerous cases throughout the United States are cited in support of this general principle of law."). Accordingly, the court held that the plaintiff was entitled to recover on its claim for overpayment by mistake, even though the mistake was unilateral and not induced by fraud, imposition, undue influence or betrayal of confidence. *Id.* at 710–13.

12.    Defendants should have never received the funds from Plaintiff. Defendants received the wired funds, and those funds in the amount of $360,801.37 rightfully belong to Plaintiff in equity and good conscience.

<u>Unjust Enrichment as to All Defendants</u>

13.    Plaintiff adopts and incorporates by reference the foregoing paragraphs above as if fully stated herein.  Defendants are being unjustly enriched from money that rightfully belongs to Plaintiff through the wire transfer in dispute. The doctrine of unjust enrichment applies to address such a situation. A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *See Pope v. Garrett,* 211 S.W.2d 559, 560 (Tex. 1948); *Austin v. Duval,* 735 S.W.2d 647, 649 (Tex. App.—Austin 1987, writ denied).

14.    Unjust enrichment is a cause of action based upon the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay." *Friberg-Cooper Water Supply Corp. v. Elledge,* 197 S.W.3d 826, 832 (Tex. App.—Fort Worth 2006, pet. filed) (quoting *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.)), *rev'd on other grounds,* 240 S.W.3d 869 (Tex. 2007); *Mowbray v. Avery,* 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi 2002, pet. denied); *see Best Buy Co. v. Barrera,* 214 S.W.3d 66, 73 (Tex. App.—Corpus Christi

2006, pet. filed), *rev'd on other grounds,* 248 S.W.3d 160 (Tex. 2007). Unjust enrichment occurs when a person wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied).

15.    A claim for unjust enrichment requires proof of the following elements: (1) defendants obtained a benefit from the plaintiff by fraud, duress, or taking undue advantage; or (2) when a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons. *Burlington N. R.R. v. Southwestern Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), aff'd, 966 S.W.2d 467 (Tex.1998); *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992); *Harker Heights v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313, 319 (Tex. App.—Tyler 1996, no writ).

16.    Here, the Defendants obtained the wire transfer funds by fraud or by taking undue advantage when John Doe defrauded Plaintiff's customer, causing Plaintiff to send money to a fraudster's account with Defendant. Plaintiff therefore suffered a loss, and Defendants have been unjustly enriched, in the amount of $360,801.37.

<u>Aiding and Abetting as to Defendant Citibank</u>

17.    Plaintiff adopts and incorporates by reference the foregoing paragraphs above as if fully stated herein.  A court should also grant a judgment in favor of Plaintiff based on the doctrine of Aiding and Abetting by Assisting and Participating. *See City of Fort Worth v. Pippen*, 439 S.W.2d 660, 665 (Tex. 1969). Assisting and participating has long been recognized as a theory for imposing joint liability in Texas. *See Id.* When a defendant assists and participates in causing a particular result with another actor, the defendant is responsible for the result of the united effort if the act, by itself, was a breach of duty and was a substantial factor in causing the result. *See*

RESTATEMENT (SECOND) OF TORTS § 876(c). It is not necessary for the defendant to know that the act of the other actor was tortious; an unintended tort will suffice. *See Id.*

18.    In the present case, Citibank assisted and/or participated in John Doe's (its customer's) receipt of the stolen funds by opening the account despite evidence of fraudulent activity and allowing and/or by participating in the disbursements of the funds despite evidence of fraudulent activity, which caused Plaintiff to suffer substantial damages. Based on information and belief, it appears likely that Citibank's customer's bank account was opened primarily for the purpose of committing bank fraud and was used under suspicious circumstances. In this case, the account was used to funnel money through a Citibank account and steal funds and/or money launder the funds.

19.    Citibank is responsible for the result of this united effort because its breach of duty, negligence, and tortious conduct was a substantial factor in causing the losses Plaintiff suffered. Therefore, if a fact finder determines that the account was improperly opened at Citibank, security procedures should have detected the bank fraud. Citibank will be held liable to Plaintiff for all damages sustained by Plaintiff as a result of the claims asserted herein up to the face amount of the wire transfer, plus any lost interest and all consequential damages, including attorneys' fees and expenses, incurred by Plaintiff in connection with prosecution and/or defense of the claims associated with Citibank's customer's fraudulent receipt of the funds in the amount of $360,801.37.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

20.    Plaintiff respectfully requests that the Court immediately enter a temporary restraining order enjoining Defendants from transferring, diverting, depleting, using, or disposing of the funds representing the money received from the wire transfer in dispute.  The Court also

needs to order that such funds be immediately tendered to the registry of the court or to Plaintiff.

21.    Plaintiff adopts and incorporates by reference the foregoing paragraphs above as if fully stated herein.  Plaintiff asks that the Court grant and issue an *ex parte* temporary restraining order and/or permanent injunction to keep the "status quo" which courts define as 'the last, actual, peaceable, noncontested status which preceded the pending controversy." *Universal Health Servs., Inc. v. Thompson,* 24 S.W.3d 570, 577 (Tex. App.—Austin 2000, no pet.) (quoting *Transp. Co. of Texas v. Robertson Transps., Inc.,* 261 S.W.2d 549, 553–54 (1953)).

22.    The purpose of a temporary restraining order is to preserve the status quo ex ante of the subject matter of the litigation until a final hearing can be held on the merits of the case. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002).  An applicant for injunctive relief must show "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.*

23.    In order to preserve the status quo in this case, Defendant must be enjoined from transferring, diverting, depleting, using, or disposing of the proceeds from the fraudulent wire transfer, and after notice and a hearing, Defendant must be required to tender the proceeds within its possession into the registry of the Court or to Plaintiff. Otherwise, Plaintiff will be imminently and irreparably harmed. *See, e.g.*, *In re Estate of Dilasky*, 972 S.W.2d 763, 767 (Tex. App.— Corpus Christi 1998, no pet.) ("Delay and expense of litigation, as well as the time required to settle the issues, are factors which may be considered in determining whether a court should issue an injunction."). Unless the temporary restraining order and injunction are issued, Plaintiff has shown that the Defendant will likely transfer or dispose of the funds, and as a result, Plaintiff will have no adequate remedy at law to recover the stolen money.

24.    Plaintiff has a probable right to the relief Plaintiff seeks on final hearing, and

Plaintiff is likely to succeed on the merits of this lawsuit. Defendant was not entitled to receive possession of the funds and obtained the funds through fraudulent means. Defendant is therefore liable to Plaintiffs for the amount of the wire transfer ($360,801.37) as well as any and all damages resulting from its actions. Accordingly, Defendants are liable to Plaintiff in the amount of $360,801.37, and Plaintiff will likely succeed on the merits of this lawsuit.

25.     Plaintiff will also suffer an irreparable injury if the Court does not issue a temporary injunction. Defendant's refusal to return the funds and fraudulent scheme to obtain the funds shows that Defendants will likely either transfer or divert the funds. If the temporary restraining order and temporary injunction are not issued, Plaintiff will suffer an imminent and irreparable injury. In particular, if the Defendants are not enjoined from transferring the funds and are not ordered to deposit any proceeds of the wire transfer or additional funds within their possession into the Court's registry, there is a substantial likelihood that the Defendants will divert the funds and/or ultimately refuse to turn over the funds to Plaintiff even after a judgment is obtained.

26.     Additionally, Plaintiff is entitled to the temporary injunction under the principles of equity and the laws of Texas relating to injunctions. *See* TEX. CIV. PRAC. & REM. CODE § 65.011(3). Plaintiff is entitled to the relief demanded, and the relief requires the restraint of actions that are prejudicial to Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE § 65.011(1). Allowing Defendants to retain possession of Plaintiffs' money would be grossly inequitable.

27.     Plaintiff has suffered a substantial loss as a result of Defendants' actions, and yet, Defendants are attempting to retain possession of funds that they were never entitled to receive. This money belongs in equity and good conscience to Plaintiff. Defendants cannot equitably be allowed to profit from their decision to retain fraudulently deposited funds. Under the principles of equity and the laws of Texas relating to injunctions, Plaintiff is therefore entitled to an ex parte

order enjoining Defendants from transferring or disposing of the proceeds and an order requiring the Defendants to deliver the proceeds within their possession to the registry of the Court or to Plaintiff. Plaintiff is entitled to this relief, and allowing Defendants to retain possession of the funds would be highly prejudicial to Plaintiff.

28.     Enjoining Defendants from transferring or diverting the proceeds of the wire transfer, from attempting to obtain possession of the funds, and ordering the Defendants to deposit these funds into the registry of the Court or tender the funds to Plaintiff will serve the public interest. Balancing the equities and other factors, the significant potential of further irreparable harm to Plaintiff without injunctive relief, and the lack of harm resulting from the entry of injunctive relief, demonstrates that the requested relief will not disserve the public interest.

29.     Accordingly, pending the final determination of this action on its merits, Plaintiff requests that this Court:

- Enjoin Defendants in any way transferring, diverting, depleting, using, or disposing of the funds that came from the wire transfer from Plaintiff to John Doe's account at Citibank on or about December 11, 2023; and

- Order Defendants after notice and a hearing, to deposit the proceeds thereof and/or other funds that came from the wire transfer from Plaintiff within their possession into the registry of the Court, or tender the funds to the Plaintiff.

30.     Plaintiffs are prepared to pay a reasonable bond upon the issuance of the temporary restraining order and temporary injunction.

## CONDITIONS PRECEDENT

31.     Any and all conditions precedent to Plaintiff's right to bring this lawsuit and recover from the Defendants have been fully performed by Plaintiff or have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer by written denial, under oath, if necessary, and that the Court grant Plaintiff Judgment against Defendants as follows:

9

(a)    For all recoverable actual, special, and/or equitable damages or remedies as are set forth herein and at the time of trial, including exemplary damages;

(b)    For pre-judgment and post-judgment interest as provided by law;

(c)    For injunctive relief against Defendants, including the issuance of a temporary restraining order and a temporary injunction as described herein;

(d)    For reasonable and necessary attorneys' fees at all stages of trial and appeals; and

(e)    For further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
    William P. Huttenbach
    State Bar No. 24002330
    Greg S. DeVries
    State Bar No. 24105802
    1401 McKinney, Suite 1700
    Houston, Texas 77010
    713.658.2323 Telephone
    713.658.1921 Fax
    whuttenbach@craincaton.com
    gdevries@craincaton.com

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO: _____

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | _____ JUDICIAL DISTRICT |

**AFFIDAVIT**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF WASHINGTON | § |

BEFORE ME, the undersigned authority, on this day personally appeared Tieman H. Dippel, III, personally known by me to be the person whose name is subscribed below and who swore on oath that the following facts are true:

1. My name is Tieman H. Dippel, III. I am the President and CEO of Brenham National Bank ("**BNB**"), the Plaintiff in the above-styled lawsuit. I am over 21 years of age, of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated in this Affidavit, and they are true and correct.

2. BNB received wiring instructions from one of its customers on or about December 11, 2023. Pursuant to the customer's instructions, Plaintiff completed a wire transfer to John Doe's account with Citibank in the amount of $360,801.37.

2. Upon learning that the wire transfer was obtained by a scam, BNB contacted Citibank to demand the return of the funds. Citibank has not returned the $360,801.37, causing BNB to suffer damages.

FURTHER AFFIANT SAYETH NOT.

_____
Tieman H. Dippell, III, President & CEO
Brenham National Bank

SWORN TO AND SUBSCRIBED BEFORE ME on the 3rd day of January, 2024, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
STATE OF TEXAS

LORI WINKELMANN
Notary Public, State of Texas
Comm. Expires 12-01-2026
Notary ID 619962-3

11

1/3/2024 10:19:20 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 83024593
By: WILLIAMS, TIANNI A
Filed: 1/3/2024 9:17:21 AM

CAUSE NO: _____

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | _____ JUDICIAL DISTRICT |

## <u>ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION</u>

On this day, the Court considered Plaintiff Brenham National Bank ("**Plaintiff**"), Application for Temporary Restraining Order and Temporary Injunction against Defendant Citibank ("**Defendant**" or "**Citibank**") and unknown John Doe Defendant (collectively referred to herein as "**Defendants**"). After considering the pleadings, the evidence, and any arguments of counsel, the Court is of the opinion that the Application should be and hereby is GRANTED.

The Court makes the following findings:

1.    An ex parte order, without notice to Defendants, is necessary because there was not enough time to give notice to Defendants, hold a hearing, and issue a restraining order before irreparable injury, loss, or damage would occur. Specifically, Defendants' failure to return funds or freeze funds currently held, if any, shows that the funds currently held are in danger of being lost and potentially may not be recovered.

2.    The Court notes that John Doe opened a bank account with Defendant Citibank and fraudulently obtained a wire payment from Plaintiff.

3.    Plaintiff asserted claims seeking permanent relief.

4.    Plaintiff has shown a probable right to recover the relief sought in the Original Petition and Application for Temporary Restraining Order and Temporary Injunction.

5.    In the absence of this temporary restraining order, Plaintiff would be immediately and irreparably harmed because, in addition to other reasons, Defendants could transfer, divert, deplete, use, or dispose of the funds they may currently hold in their possession; Defendants would likely continue to refuse to return the funds,

which they are not entitled to possess; and Plaintiff would be forced to incur substantial additional costs and delays as an apparent intentional result of Defendant's actions.

It is therefore ORDERED, ADJUDGED, and DECREED that Defendants are hereby restrained from the following:

> 1.    Defendants are hereby restrained from transferring, diverting, depleting, using, or disposing of the proceeds of the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023;

> 2.    Defendants are ordered to immediately freeze the funds or tender the amount of $360,801.37 into the registry of the Court.

> 3.    Defendants are hereby restrained from in any way allowing the current value of the proceeds within Defendants' possession to decrease by any amount; and

> 4.    Defendants are hereby restrained from in any way seeking or attempting to spend, secrete, hide, transfer, and/or dispose of the funds they may currently be holding in their possession or in any way transferring, diverting, depleting, using, or disposing of any of the proceeds from the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023.

It is further ORDERED, ADJUDGED, and DECREED that the parties shall appear before this Court on the _____ day of _____, 2024 at _____. ____.m. for a hearing on Plaintiff's Application for Temporary Injunction. The purpose of this temporary injunction hearing is to allow Defendants the opportunity to appear before this Court and show cause as to why they should not be ordered to forfeit and tender $360,801.37 from the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023 into the registry of the Court.

The clerk of this Court is hereby directed to issue a Show Cause Order to Defendants, requiring Defendants to appear at the temporary injunction hearing. The clerk of this Court shall, upon the filing by Plaintiff of the bond requirement and on approving of the same, issue a

temporary restraining order in conformity with Texas law and the terms of this Order, starting at the date and hour of issuance and stating the date the order expires.

The order shall not be effective unless and until Plaintiff executes and files with the clerk a bond, in conformity with Texas law, in the amount of $500.00.

Signed this _____ day of _____, 2024 at ___:___ __.m.

_____
PRESIDING JUDGE

CAUSE NUMBER _2024 - 00262_

Brenham National Bank
PETITIONER

§  IN THE DISTRICT COURT OF

§  HARRIS COUNTY, TEXAS

VS.

Citibank, NA + John Doe
RESPONDENT

§  295 JUDICIAL DISTRICT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

**THE STATE OF TEXAS §**
**COUNTY OF HARRIS   §**

THIS DOCUMENT IS TO CERTIFY that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of ___500.00  five hundred___ Dollars ($ __500__ ), to be deposited with the Registry of the Court in lieu of a Temporary Restraining Order Bond or a Temporary Injunction Bond, as required by Rule 684, T.R.C.P. in the above styled and numbered cause as provided by the order entered on the ___3___ day of ___January___, 2024.

This cash deposit is made and received in lieu of TEMPORARY RESTRAINING ORDER or TEMPORARY INJUCTION, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a TEMPORARY RESTRAINING ORDER BOND OR A TEMPORARY INJUCTION BOND in accordance with the Order of the Court.

WITNESS my hand and seal of office this ___3___ day of ___January___ A.D., 20_24_.

**FILED**
Marilyn Burgess
District Clerk

JAN 03 2024

Time: _____
Harris County, Texas
By: _3:32 P.M._
Deputy 1/3/24

Marilyn Burgess, District Clerk
Harris County, Texas
Po Box 4651
Houston, Texas 77210-4651

By: _____
Deputy District Clerk

Principal: _____

Attorney: Greg DeVries

Bar Number: 24105802

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging

Page 1 of 1

1/3/2024 10:19:20 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 83024593
By: WILLIAMS, TIANNI A
Filed: 1/3/2024 9:17:21 AM

# 2024-00262 / Court: 295

CAUSE NO: _____

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | _____ JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

On this day, the Court considered Plaintiff Brenham National Bank ("**Plaintiff**"), Application for Temporary Restraining Order and Temporary Injunction against Defendant Citibank ("**Defendant**" or "**Citibank**") and unknown John Doe Defendant (collectively referred to herein as "**Defendants**"). After considering the pleadings, the evidence, and any arguments of counsel, the Court is of the opinion that the Application should be and hereby is GRANTED.

The Court makes the following findings:

1.      An ex parte order, without notice to Defendants, is necessary because there was not enough time to give notice to Defendants, hold a hearing, and issue a restraining order before irreparable injury, loss, or damage would occur. Specifically, Defendants' failure to return funds or freeze funds currently held, if any, shows that the funds currently held are in danger of being lost and potentially may not be recovered.

2.      The Court notes that John Doe opened a bank account with Defendant Citibank and fraudulently obtained a wire payment from Plaintiff.

3.      Plaintiff asserted claims seeking permanent relief.

4.      Plaintiff has shown a probable right to recover the relief sought in the Original Petition and Application for Temporary Restraining Order and Temporary Injunction.

5.      In the absence of this temporary restraining order, Plaintiff would be immediately and irreparably harmed because, in addition to other reasons, Defendants could transfer, divert, deplete, use, or dispose of the funds they may currently hold in their possession; Defendants would likely continue to refuse to return the funds,

which they are not entitled to possess; and Plaintiff would be forced to incur substantial additional costs and delays as an apparent intentional result of Defendant's actions.

It is therefore ORDERED, ADJUDGED, and DECREED that Defendants are hereby restrained from the following:

> 1.    Defendants are hereby restrained from transferring, diverting, depleting, using, or disposing of the proceeds of the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023;
>
> 2.    Defendants are ordered to immediately freeze the funds or tender the amount of $360,801.37 into the registry of the Court.
>
> 3.    Defendants are hereby restrained from in any way allowing the current value of the proceeds within Defendants' possession to decrease by any amount; and
>
> 4.    Defendants are hereby restrained from in any way seeking or attempting to spend, secrete, hide, transfer, and/or dispose of the funds they may currently be holding in their possession or in any way transferring, diverting, depleting, using, or disposing of any of the proceeds from the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023.

It is further ORDERED, ADJUDGED, and DECREED that the parties shall appear before this Court on the ___15th___ day of ___January___, 2024 at __11:00__ . __a__ .m. for a hearing on Plaintiff's Application for Temporary Injunction. The purpose of this temporary injunction hearing is to allow Defendants the opportunity to appear before this Court and show cause as to why they should not be ordered to forfeit and tender $360,801.37 from the wire transfer from Plaintiff to John Doe's account at Citibank that occurred on or about December 11, 2023 into the registry of the Court.

The clerk of this Court is hereby directed to issue a Show Cause Order to Defendants, requiring Defendants to appear at the temporary injunction hearing. The clerk of this Court shall, upon the filing by Plaintiff of the bond requirement and on approving of the same, issue a

temporary restraining order in conformity with Texas law and the terms of this Order, starting at the date and hour of issuance and stating the date the order expires.

The order shall not be effective unless and until Plaintiff executes and files with the clerk a bond, in conformity with Texas law, in the amount of $500.00.

Signed this _____ day of _____, 2024 at ____:____ ___.m.

Signed:
1/3/2024
3:13 PM

_____
PRESIDING JUDGE

14

1/3/2024 11:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83029691
By: Joshua Herrington
Filed: 1/3/2024 11:24 AM

CAUSE NO. 202400262

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | 295TH JUDICIAL DISTRICT |

## <u>NOTICE OF ORAL HEARING</u>

PLEASE TAKE NOTICE THAT an oral hearing on *Plaintiff's Application for Temporary Restraining Order and Temporary Injunction* filed January 3, 2024 will be held on **Wednesday, January 3, 2024 at 3:00 p.m.** before the Ancillary Court in the 133rd Judicial District Court of Harris County, Texas at 201 Caroline, 11th Floor, Houston, Texas 77002.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
    William P. Huttenbach
    State Bar No. 24002330
    Greg S. DeVries
    State Bar No. 24105802
    1401 McKinney, Suite 1700
    Houston, Texas 77010
    713.658.2323 Telephone
    713.658.1921 Fax
    whuttenbach@craincaton.com
    gdevries@craincaton.com

**ATTORNEYS FOR PLAINTIFF
BRENHAM NATIONAL BANK**

1/9/2024 10:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83216338
By: Nelson Cuero
Filed: 1/9/2024 10:35 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2024-00262                **CURRENT COURT:** 295th District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition and Application for TRO and Temporary Injunction;

**FILE DATE:** 01/03/2024 _____  and Order Granting Plaintiff's Application for TRO and Temporary Injunction
Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Citibank, N.A.

**Address of Service:** Attn: Legal Services Intake Unit - 5800 S. Corporate Place, MC 451

**City, State & Zip:** Sioux Falls, SD 57108

**Agent (if applicable)** Texas Secretary of State

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☐ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |

☐ **Citation Scire Facias**    Newspaper_____

☐ **Temporary Restraining Order**    ☐ **Precept**    ☐ **Notice**

☐ **Protective Order**

☒ **Secretary of State Citation ($12.00)**    ☐ **Capias** (not by E-Issuance)    ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**    ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)**    ☐ **Hague Convention ($16.00)**    ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)    ☐ **Injunction**    ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Greg S. DeVries    Bar # or ID  24105802

**Mailing Address:** 1401 McKinney St., Suite 1700, Houston, TX 77010

**Phone Number:** 713-658-2323

1/15/2024 2:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83414855
By: Joshua Herrington
Filed: 1/16/2024 12:00 AM

CAUSE NO. 202400262

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO.

1007030

TRACKING NO: 74274915

| Plaintiff: | In The 295thJudicial District |
|---|---|
| BRENHAM NATIONAL BANK | Court of Harris County, TX |
| vs. | |
| Defendant: | |
| CITIBANK NA | Houston, Texas |

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

To:   CITIBANK NA BY SERVING THE TEXAS SECRETARY OF STATE
P O BOX 12079 AUSTIN TEXAS 78711-2079
FORWARD TO: ATTN: LEGAL SERVICES INTAKE UNIT
        5800 S CORPORATE PLACE MC 451, SIOUX FALLS SD 57108

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND TEMPORARY INJUNCTION.

This instrument was filed on January 3, 2024 in the above cited cause number and court.  The
instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued onJanuary 9, 2024, under my hand and seal of said court.



Issued at the request of:
DEVRIES, GREG STEWART
1401 MCKINNEY STREET, SUITE 1700
HOUSTON, TX  77010
713-658-2323
Bar Number: 24105802

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline,  Houston TX 77002
(POBox 4651, Houston, TX 77210)

Generated By: NELSON CUERO

Tracking Number: 74274915

CAUSE NUMBER: 202400262

| | |
|---|---|
| PLAINTIFF: BRENHAM NATIONAL BANK | In the 295th |
| vs. | Judicial District Court of |
| DEFENDANT: CITIBANK NA | Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M. on the _____ day of _____,
20_____.                              Executed                              at
Address)_____ in
_____ County at o'clock ____.M. on the _____ day of
_____, 20_____, by Summoning the
_____ Delivering to
_____in person a corporation By leaving in the
principal office during office hours_____ of the
said_____ a true copy of this notice, together with
accompanying copy of _____To certify which I
affix my hand officially this _____day of _____, 20___.

Fees $_____

_____           By_____
          Affiant                                                              Deputy
On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared.  After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___

_____
                                                      Notary Public

**CAUSE NUMBER: 2024-00262**

**BRENHAM NATIONAL BANK**
**PLAINTIFF**

**VS.**                                    **IN THE 295TH JUDICIAL DISTRICT**
                                          **COURT OF HARRIS COUNTY, TEXAS**

**CITIBANK, N.A., ET AL**
**DEFENDANT**

**RETURN OF SERVICE**

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 Quitman St. , Houston TX , 77009, U.S.A.

ON **Tuesday January 09, 2024 AT 03:52 PM** - , **TWO DUPLICATE COPIES OF CITATION (SECRETARY OF STATE NON-RESIDENT); PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION; AFFIDAVIT; ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION; NOTICE OF HEARING; AND $55 JURISDICTIONAL FEE** came to hand for service upon **CITIBANK NA BY SERVING THE TEXAS SECRETARY OF STATE**.

On **Friday January 12, 2024** at **02:20 PM**- The above named documents were hand delivered to: **CITIBANK NA BY SERVING THE TEXAS SECRETARY OF STATE @ 1019 BRAZOS STREET, AUSTIN, TX 78701**, by delivering to Minerva Barnhart, designated agent authorized to accept service.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                          DECLARATION

"My name is **D'ANN WATHEN,** my date of birth is 12/20/1971 my business address is  1320 Quitman St. , Houston  TX , 77009, U.S.A., and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Texas County, State of Texas on Monday January 15, 2024**

**PSC#6602 EXP. 06/30/25**
Declarant; Appointed in accordance with State Statutes.

2024.01.834651

1/9/2024 10:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83216167
By: Joshua Herrington
Filed: 1/9/2024 10:33 AM

CAUSE NO. 202400262

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | 295TH JUDICIAL DISTRICT |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing on *Plaintiff's Application for Temporary Injunction* has been set for **Monday, January 15, 2024 at 11:00 a.m.** in the 295th Judicial District Court of Harris County, Texas at 201 Caroline, 11th Floor, Houston, Texas 77002.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
    William P. Huttenbach
    State Bar No. 24002330
    Greg S. DeVries
    State Bar No. 24105802
    1401 McKinney, Suite 1700
    Houston, Texas 77010
    713.658.2323 Telephone
    713.658.1921 Fax
    whuttenbach@craincaton.com
    gdevries@craincaton.com

**ATTORNEYS FOR PLAINTIFF**
**BRENHAM NATIONAL BANK**

## <u>CERTIFICATE OF SERVICE</u>

On January 9, 2024, the foregoing document was served pursuant to the Texas Rules of Civil Procedure as indicated below:

Citibank, N.A.
Legal Services Intake Unit
5800 S. Corporate Place, MC 451
Sioux Falls, SD 57108
*Via Personal Service;*
*and FedEx Tracking No. 774736252508*

*/s/ William P. Huttenbach*
William P. Huttenbach

010733\000003\6653495.v1

1/9/2024 4:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83244590
By: Joshua Herrington
Filed: 1/9/2024 4:23 PM

CAUSE NO. 202400262

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITIBANK, N.A. and JOHN DOE | § | 295TH JUDICIAL DISTRICT |

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that a hearing on *Plaintiff's Application for Temporary Injunction* has been reset for **Monday, January 22, 2024 at 2:30 p.m.** in the 295th Judicial District Court of Harris County, Texas at 201 Caroline, 11th Floor, Houston, Texas 77002.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
    William P. Huttenbach
    State Bar No. 24002330
    Greg S. DeVries
    State Bar No. 24105802
    1401 McKinney, Suite 1700
    Houston, Texas 77010
    713.658.2323 Telephone
    713.658.1921 Fax
    whuttenbach@craincaton.com
    gdevries@craincaton.com

**ATTORNEYS FOR PLAINTIFF**
**BRENHAM NATIONAL BANK**

## <u>CERTIFICATE OF SERVICE</u>

On January 9, 2024, the foregoing document was served pursuant to the Texas Rules of Civil Procedure as indicated below:

Citibank, N.A.
Legal Services Intake Unit
5800 S. Corporate Place, MC 451
Sioux Falls, SD 57108
*Via Personal Service;*
*and FedEx Tracking No. 774736252508*

/s/ William P. Huttenbach
William P. Huttenbach

1/19/2024 1:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83588497
By: Joshua Herrington
Filed: 1/19/2024 1:36 PM

CAUSE NO. 2024-00262

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CITIBANK, N.A. and | § | |
| JOHN DOE | § | 295TH JUDICIAL DISTRICT |

## UNOPPOSED EMERGENCY MOTION TO CONTINUE TEMPORARY INJUNCTION HEARING AND EXTEND TEMPORARY RESTRAINING ORDER

Plaintiff Brenham National Bank ("**Cadence**" or "**Plaintiff**") hereby files this Unopposed Emergency Motion to Continue the Temporary Injunction Hearing and Extend the Temporary Restraining Order and respectfully moves the Court to continue the Temporary Injunction Hearing set for January 22, 2024, at 2:30 p.m. and extend the Temporary Restraining Ordered entered January 3, 2024 ("**TRO**") pending the temporary injunction hearing and would show as follows:

1. On January 3, 2024, Plaintiff filed its Original Petition and Application for Injunctive Relief ("**Petition**"). Plaintiff would show that since the granting of the TRO, Plaintiff has been in communication with Defendant, Citibank, N.A. ("**Citibank**"). The parties have entered into settlement negotiations to try to resolve this case.

2. In light of the foregoing, under Tex. R. Civ. P. 680, and due to Defendant's agreement, Plaintiff requests the court extend the TRO through March 6, 2024. Pursuant to Texas law, this Court may extend the Agreed TRO for additional time, and only after such extension would it expire by operation of law. Tex. R. Civ. P. 680. A court may extend a TRO past two weeks if "the party against whom the order is directed consents that it may be extended for a longer period." *Id.* The parties are agreeing to allow additional time to try to resolve the entire case.

3. Plaintiff has good cause to request this extension of the TRO because the parties are currently engaged in settlement discussions that may resolve this matter. Additionally, Citibank does not oppose an extension of the TRO.

WHEREFORE, Plaintiff respectfully requests that the Court extend the Temporary Restraining Order to March 6, 2024, and continue the temporary injunction hearing to a new date on or before March 6, 2024.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
    William P. Huttenbach
    State Bar No. 24002330
    Greg S. DeVries
    State Bar No. 24105802
    1401 McKinney, Suite 1700
    Houston, Texas 77010
    713.658.2323 Telephone
    713.658.1921 Fax
    whuttenbach@craincaton.com
    gdevries@craincaton.com

**ATTORNEYS FOR PLAINTIFF**
**BRENHAM NATIONAL BANK**

### CERTIFICATE OF CONFERENCE

I certify that on January 17, 2024, I conferred with Citibank's counsel, Kristen Fiore. Kristen Fiore is unopposed to the relief requested herein.

*/s/ William P. Huttenbach*
William P. Huttenbach

1/19/2024 1:36:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 83588497
By: HERRINGTON, RACHEL R
Filed: 1/19/2024 1:36:22 PM

CAUSE NO. 2024-00262

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CITIBANK, N.A. and | § | |
| JOHN DOE | § | 295TH JUDICIAL DISTRICT |

## ORDER CONTINUING TEMPORARY INJUNCTION
## HEARING AND EXTENDING TEMPORARY RESTRAINING ORDER

This matter having come before the Court on Plaintiff, Brenham National Bank's, Unopposed Emergency Motion to Continue Temporary Injunction Hearing and Extend Temporary Restraining Order, the Court having considered said motion, the pleadings on file, and the arguments of counsel, is of the opinion that said motion has merit and should in all things be **GRANTED**.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the Temporary Injunction Hearing currently set for January 22, 2024 at 2:30 p.m. shall be continued to _____, 2024 at _____ a.m./p.m.; and it is further

**ORDERED**, **ADJUDGED**, and **DECREED** that the Temporary Restraining Order entered January 3, 2024 shall remain in full force and effect until the date of the continued temporary injunction hearing.

SIGNED AND ENTERED on this _____ day of _____, 2024.

_____
HONORABLE JUDGE PRESIDING

APPROVED AS TO FORM:

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
William P. Huttenbach
State Bar No. 24002330
Greg S. DeVries
State Bar No. 24105802
1401 McKinney, Suite 1700
Houston, Texas 77010-4035
(713) 658-2323 Main
(713) 658-1921 Fax
phuttenbach@craincaton.com
gdevries@craincaton.com

**COUNSEL FOR PLAINTIFF,
BRENHAM NATIONAL BANK**

1/19/2024 1:36:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 83588497
By: HERRINGTON, RACHEL R
Filed: 1/19/2024 1:36:22 PM

CAUSE NO. 2024-00262

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CITIBANK, N.A. and | § | |
| JOHN DOE | § | 295TH JUDICIAL DISTRICT |

## ORDER CONTINUING TEMPORARY INJUNCTION
## HEARING AND EXTENDING TEMPORARY RESTRAINING ORDER

This matter having come before the Court on Plaintiff, Brenham National Bank's,

Unopposed Emergency Motion to Continue Temporary Injunction Hearing and Extend Temporary

Restraining Order, the Court having considered said motion, the pleadings on file, and the

arguments of counsel, is of the opinion that said motion has merit and should in all things be

**GRANTED**.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the Temporary Injunction

Hearing currently set for January 22, 2024 at 2:30 p.m. shall be continued to _____March 6_____,

2024 at __10:00__ a.m./p.m.; and it is further

**ORDERED**, **ADJUDGED**, and **DECREED** that the Temporary Restraining Order

entered January 3, 2024 shall remain in full force and effect until the date of the continued

temporary injunction hearing.

SIGNED AND ENTERED on this _____ day of _____, 2024.

Signed:
1/19/2024

_____
HONORABLE JUDGE PRESIDING

010733\000003\6658645.v2

APPROVED AS TO FORM:

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
William P. Huttenbach
State Bar No. 24002330
Greg S. DeVries
State Bar No. 24105802
1401 McKinney, Suite 1700
Houston, Texas 77010-4035
(713) 658-2323 Main
(713) 658-1921 Fax
phuttenbach@craincaton.com
gdevries@craincaton.com

**COUNSEL FOR PLAINTIFF,
BRENHAM NATIONAL BANK**