FILED
May 26, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK, | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | Case Number: 4:24-cv-0391 |
| | § | |
| CITIBANK, N.A. and CIBANCO S.A., | § | |
| *Defendants* | § | |

**PLAINTIFF'S SUR-REPLY TO
CIBANCO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Brenham National Bank ("**Plaintiff**") files this Sur-Reply to Cibanco, S.A.'s ("**CIBanco**" or "**Defendant**") Reply in Support of its Motion to Dismiss (Doc. No. 31) and would respectfully show as follows:

**ARGUMENT**

A. The Court should Overrule CIBanco's Evidentiary Objections.

1. CIBanco first raised eight objects to the Declaration of Jim Kolkhorst, which was Exhibit A to Plaintiff's Response to Defendant's Motion to Disburse the Funds. Many of the statements do not address facts that are in dispute, but nevertheless, Plaintiff will address each objection.

2. Paragraph 3 reads as follows:

> 3. During the invoicing process, W.E.T.'s email was intercepted. I was provided with false wiring instructions so that I was tricked into providing instructions to the wrong bank account rather than to send the money to W.E.T. To be clear, at the time, I believed these were wiring instructions for W.E.T., and I never wanted Cibanco or its customer to receive these funds. On or about December 11, 2023, I provided instructions to BNB to wire funds in the amount of $360,801.37 to W.E.T. for the equipment, but I unknowingly ordered that the funds be sent to an account with Citibank that was not owned by W.E.T. Again, it was my intention to send the funds to W.E.T., but this wire transfer did not go to W.E.T. due to the fraudulent instructions I was given. On or about December 27, 2023, I contacted Dan Holt who advised me that the wire transfer was not received by W.E.T.

3

3. First, CIBanco appears to object to statements contained in the third paragraph of the declaration. CIBanco does not specify which sentence it believes contains inadmissible hearsay, except that its second objection specifies that it pertains to the final sentence of paragraph 3. Regardless, paragraph 3 does not contain inadmissible hearsay. It contains direct testimony from the sender of the payment order about his intent when sending the wire transfer, as well as his direct observations about the nature of the wire transfer, which constitute an exception to the rule against hearsay.[3] Mr. Kolkhorst's testimony about who he intended to send the money to and how the transfer came about is therefore not excluded by the rule against hearsay.

4. Next, CIBanco objects to three of the four sentences in paragraph 4 of the declaration, but these objections similarly fail. Paragraph 4 states:

> 4. My wife, Senator Lois Kolkhorst, recommended that I contact the Federal Bureau of Investigation. I contacted an agent who is now investigating this matter. The agent I spoke with advised me to speak with the Brenham Police Department. I made or caused to be made a police report with the Brenham Police Department.

As for the first sentence, this is not offered to prove the truth of the matter asserted (in other words, it is not offered to prove that the declarant contacted the FBI). Rather, its purpose is to explain the subsequent action of the declarant. The next sentence is also not hearsay because it establishes, by direct testimony, what Mr. Kolkhorst did and describes his actions. The fact that an FBI agent is investigating this matter is similarly not hearsay because Mr. Kokhorst knows or observed this to be true as opposed to something he was told to be true. Finally, the third sentence is not hearsay because it is not being offered to prove the fact that Mr. Kolkhorst spoke with the Brenham Police Department; rather, it is offered by Mr. Kolkhorst to explain why he took each of his actions.

---

[3] *See* Fed. R. Evid. 803(3) ("The following are not excluded by the rule against hearsay… A statement of the declarant's then existing state of mind (such as motive, intent, or plan)…"

5.       CIBanco then objects to the inclusion of, and references to, the exhibits attached to Mr. Kolkhorst's declaration. The declaration includes two documents: the wire transfer request form and the police report. Neither of these documents are included to prove the truth of the matter asserted, so the Court should overrule these objections as well. As for the wire instructions, this is offered to provide background facts about Powerfam's instructions to Plaintiff; it is not introduced as evidence of CIBanco's liability. Additionally, this is the operative document in the case which shows Powerfam's intent regarding where the funds were supposed to go, and Mr. Kolkhorst has direct knowledge of the document and can authenticate it. Similarly, the police report does nothing to establish liability. It is included to explain Mr. Kolkhorst's actions and to show an attempt to mitigate damages. The Court should therefore overrule all of CIBanco's evidentiary objections.

B.       <u>The Cases Cited by Plaintiff on Preemption Issues are not a "Red Herring," they are either Entirely on Point or Instructive.</u>

6.       CIBanco next argues that Plaintiff's argument against preemption is a "red herring" because some of the cases Plaintiff cited contain Article 3 or 4 issues rather than Article 4A issues. However, UCC preemption issues in Article 3 and 4 cases are analogous to preemption issues in Article 4A cases. This is because the principles of preemption are the same across articles of the UCC. When the Fifth Circuit held that "any inconsistencies and conflicts" between the UCC and common law do not "provide a license to throw the clean baby out with the dirty bathwater," it described general principles of preemption and the UCC.[4] This Court should be guided by *Peerless* because it describes how courts analyze preemption and the UCC. The fact that *Peerless* involved a check instead of a wire transfer does not change how statutes should be interpreted.

---

[4] *Peerless Ins. Co. v. Tex. Commerce Bank-New Braunfels, N.A.*, 791 F.2d 1177, 1180 (5th Cir. 1986)

7. Additionally, Plaintiff cited to cases that held that Article 4A does not displace all common law claims.[5] Plaintiff also cited to case law that references Article 4A incorporating references to common law claims and remedies.[6] Finally, Plaintiff cited to the UCC itself which says that its contents were "drafted against the backdrop of existing bodies of law, including the common law and equity, and relies on those bodies of law to **supplement** it[s] provisions in many important ways."[7] Notably, CIBanco does not attempt to distinguish these cases and statutes or address these arguments other than incorporating by reference its Motion to Dismiss (which similarly fails to establish that Plaintiff's claims are preempted by the UCC). These cases are not "red herrings;" they are binding authority at best and very persuasive at worst. They show that Plaintiff's claims are not preempted by the UCC, and the Court should consider them when analyzing CIBanco's arguments.

8. It is undisputed that the sender never intended that these funds go to CIBanco. If CIBanco's preemption argument is meritorious, then no party that mistakenly sends a wire transfer, via fraud or otherwise, can recover the funds. If the Court were to wire funds that are held in the registry of the Court but the clerk provides the Court's bank with an account number that is one digit off from the intended beneficiary's account number, under CIBanco's argument, these funds do not have to be returned.

C. Plaintiff was not Required to Plead the Applicability of §4A.205 because this Section does not Establish a Cause of Action, it simply Permits Common Law Claims to Prevail According to its Terms.

9. As an initial matter, CIBanco's Motion to Disburse Funds Held in the Court's Registry (Doc. No. 48) is seeking the ultimate affirmative relief from this Court – an award of the

---

[5] *See Sols. v. First State Bank of Brownsboro*, No. 6:19-CV-329-JDK, 2020 WL 12991132, at *3 (E.D. Tex. 2020) (citing *Regions Bank v. Provident Bank, Inc*., 345 F.3d 1267, 1274 (11th Cir. 2003).
[6] *See Sheerbonnet, Ltd. v. Am. Express Bank, Ltd*., 951 F. Supp. 403, 409 (S.D.N.Y. 1995).
[7] Tex. Bus. & Comm. Code §1.103(b), cmt. 2. (emphasis added)

6

money held in the Court's registry. In attempting to rely on a lack of evidence submitted by Plaintiff on the existence of a security procedure for this wire transfer, CIBanco is improperly attempting to shift this burden to Plaintiff. When a party seek to establish his right to withdraw money deposited with the court, the burden is on the moving party.[8] In fact, in *Padilla v. Ditech Financial, LLC*, the Southern District of Texas ordered parties to brief issues pertaining to which party is entitled to the funds held in the registry of the court, and it applied a summary judgment standard to the briefing.[9] It is therefore CIBanco's burden to demonstrate that the wire transfer at issue was not sent pursuant to a security procedure. CIBanco has wholly failed to do this as it failed to introduce any evidence on the issue. Without any testimony or evidence about Plaintiff's security procedures that were applied to the wire transfer at issue, CIBanco has failed to carry its burden, and its motion should be denied.

10. Nevertheless, Plaintiff was not required to plead the applicability of §4A.205. Section 4A.205 is not a cause of action and does not need to be pleaded. It simply incorporates common law causes of action, such as unjust enrichment and money had and received[10] (which Plaintiff did plead).[11] As it pertains to causes of action, Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] It does not require arguments establishing the validity of each cause of action pled. In other words, Plaintiff was only required to plead unjust enrichment and money had and received; Rule 8 does not require Plaintiff to fully brief §4A.205 and explain why its causes of action survive a preemption argument.

---

[8] *In re Craig's Stores of Tex., Inc.*, 402 F.3d 522, 530 (5th Cir. 2005) (Dennis, J, concurring) (citing *United States ex. rel. Home Indem. Co. v. Am. Employers' Ins. Co.,* 192 F.Supp. 873, 876 (D.N.D.1961)
[9] admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
*3 *See Padilla v. Ditech Fin., LLC*, No. 1:19-CV-94, 2021 WL 2582618, at *2–3 (S.D. Tex. 2021), report and recommendation adopted, No. 1:19-CV-094, 2021 WL 2583507 (S.D. Tex. 2021)
[10] *See Sols. v. First State Bank of Brownsboro,* No. 6:19-CV-329-JDK, 2020 WL 12991132, at *3 (E.D. Tex. 2020) (citing §4A.205 as an example of a UCC provision which incorporates the common law).
[11] *See* Doc. No. 16, ¶8-15.
[12] *See* Fed. R. Civ. P. 8(a)

7

11. To the extent the Court is inclined to find that (1) at this stage of the litigation, it is Plaintiff's burden to establish that the wire transfer was sent pursuant to a security procedure, and/or (2) Plaintiff was required to plead that the wire was sent pursuant to a security procedure, Plaintiff requests leave of Court to plead these facts as the wire transfer was sent pursuant to a security procedure.[13] Specifically, Powerfam Washes, LLC requested a draw on its line of credit, and then those funds were the funds to be wired.[14] Pursuant to an agreement between Plaintiff and its customer, Plaintiff completed its Outgoing Wire Checklist to verify that the customer is the one requesting the wire transfer and to detect any potential errors in the payment order.[15] Courts should freely grant leave to amend the live pleading complaint unless amendment would be futile.[16] An amended complaint is futile if it would be subject to dismissal.[17] Therefore, to the extent that the Court is inclined to award CIBanco the funds held in the registry of the Court, it is proper to first allow Plaintiff to amend and assert the applicability of §4A.205 and/or a cause of action pursuant to §4A.205.

D. <u>CIBanco is the Beneficiary of the Wire Transfer and Citibank is the Beneficiary's Bank. CIBanco has Failed to Present Any Evidence that it is the Beneficiary's Bank</u>.

12. CIBanco asserts, without any citation to evidence, that it is the beneficiary's bank despite the payment order and the UCC saying otherwise. Again, it is CIBanco's burden to establish these facts. According to the UCC, the payment order dictates the identity of the beneficiary and the identity of the beneficiary's bank.[18] A beneficiary's bank is "the bank identified **in [the] payment order** in which an account of the beneficiary is to be credited **pursuant to the**

---

[13] *See* Ex. A, a true and correct copy of the Affidavit of Lynn VanEman. *See also* Exhibit A, Tab 1, true and correct copy of the Outgoing Wire Checklist
[14] *Id. See also* Ex. A, Tab 3, a true and correct copy of the Draw Request.
[15] *Id.*
[16] *See, e.g., United States ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 270 (5th Cir. 2010)
[17] *See Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)
[18] *See* Tex. Bus. & Comm. Code §4A.103(b)

**order**…"[19] The payment order at issue in this case instructs Citibank to credit the beneficiary's account as shown by Exhibit A, Tab 2. It does not order CIBanco to credit an account, so Citibank must be the beneficiary's bank.[20]



The UCC defines the beneficiary as the "person to be paid by the beneficiary's bank."[21] As shown above and in Exhibit A, Tab 2, the payment order identifies the account ending in 8793 as the account to be credited by Citibank. According to both CIBanco and Citibank's interpleader, this account belongs to CIBanco. Because CIBanco is the person to be paid by Citibank, CIBanco is the beneficiary of the payment order at issue.[22] CIBanco does not present any argument to refute the applicability of these Article 4A definitions, but they are dispositive. Pursuant to §4A.205, "…the receiving bank [Plaintiff] is entitled to recover from the beneficiary [CIBanco] any amount

---

[19] *See* Tex. Bus. & Comm. Code 4A.103(a)(3)
[20] *See* Exhibit A, Tab 2.
[21] *See* Tex. Bus. & Comm. Code §4A.103(a)(2)
[22] *See* Exhibit A, Tab 2.

9

paid to the beneficiary to the extent allowed by the law governing mistake and restitution."[23] As the beneficiary of the erroneous $360,801.37 wire transfer, CIBanco is the party against whom Plaintiff can recover pursuant to the law of mistake and restitution.

E.  CIBanco's Interpretation of *Solutions v. First State Bank of Brownsboro* is incorrect, and §4A.207 is not Applicable

13.  CIBanco's interpretation of *Solutions* is incorrect. In *Solutions*, the plaintiff was defrauded into making a wire transfer. The plaintiff was the maker and (importantly) the defendant was the beneficiary's bank.[24] Here, the defendant is the beneficiary, not the beneficiary's bank. In *Solutions*, the plaintiff argued that the beneficiary's bank was liable in negligence because it failed to notice the misdescription of the beneficiary, namely that the account number of in the payment order did not belong to the beneficiary named in the payment order.[25] The Eastern District of Texas held that §4A.207 permitted the beneficiary's bank to automate the processing of fund transfers and rely exclusively on the account number rather than the name listed on the payment order.[26] The plaintiff's negligence and negligence per se claims failed as a matter of law.[27] This case would be on point if Plaintiff brought claims against Citibank (the beneficiary's bank) for failing to detect the discrepancy between the account number in the payment order and the name on the payment order. If that were the case, then Citibank could argue, as First State Bank of Brownsboro did, that §4A.207 permitted it (as the beneficiary's bank) to automate the processing of fund transfers and rely exclusively on the account number listed on the payment order.[28] However, Plaintiff's claims are not based on Citibank's failure to notice that the account ending in 8793 did not belong to

---

[23] *See* Tex. Bus. & Comm. Code §4A.205(a)(2).
[24] *Sols. v. First State Bank of Brownsboro*, No. 6:19-CV-329-JDK, 2020 WL 12991132, at *1 (E.D. Tex. 2020)
[25] *Id.* at *1-2.
[26] *Id.*. at *4.
[27] *Id.*
[28] *Id.*

10

Washing Equipment of Texas. Plaintiff's claims are asserted against the beneficiary (CIBanco) based on the law of mistake and restitution because of the sender's erroneous payment order to it. CIBanco's reliance on §4A.207 is therefore misplaced.

14. The plain text of §4A.207 shows it is not applicable to this matter. This section states, in relevant part:

> "(b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
> (1) Except as provided in Subsection (c), if the beneficiary's bank does not know that the name and number refer to different persons or if the funds transfer is processed by the beneficiary bank in a fully automated manner, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.
> (2) If the beneficiary's bank pays the person identified by name or any individual processing the funds transfer on behalf of the beneficiary bank knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur."[29]

15. The beneficiary's bank is Citibank, as established *supra*, because the payment order (Exhibit A, Tab 2) instructs Citibank to pay CIBanco's account.[30] Section 4A.207 provides no rights or defenses to beneficiaries that are beneficiaries of wire transfers, such as CIBanco in this case.[31] The comments to this UCC provision make it clear that it applies to a beneficiary's bank, not a beneficiary. For example, comment 2 states

> "Subjection (b)… deals with the problem of payment orders in which the description of the beneficiary does not allow identification of the beneficiary because the beneficiary is described

---

[29] *See* Tex. Bus. & Comm. Code §4A.207(b)
[30] *See* Tex. Bus. & Comm. Code §4A.103(a)(3)
[31] *See* Tex. Bus. & Comm. Code §4A.103(a)(2)

11

       by name and by an identifying number or an account number and the name and number refer to different persons… The processing of the order **by the beneficiary's bank** and the crediting of the beneficiary's account are done by use of the identifying or bank account number without human reading of the payment order itself."

Nowhere in §4A.207 does the UCC permit a beneficiary to keep funds that were not intended to be sent by the sender of the wire transfer. Section 4A.207 is therefore not applicable.

      16.    For these reasons, Brenham National Bank respectfully requests that this Court enter an order denying Cibanco's Motion to Disburse the Funds, and for all other relief, in law or equity, to which Plaintiff is justly entitled.

                                                   Respectfully submitted,

                                                   CRAIN, CATON & JAMES, P.C.

                                                   By: */s/ William P. Huttenbach*
                                                         William P. Huttenbach
                                                         State Bar No. 24002330
                                                         S.D. Tex. No. 21742
                                                         1401 McKinney, Suite 1700
                                                         Houston, Texas 77010
                                                          713.658.2323 Telephone
                                                          713.658.1921 Fax
                                                         whuttenbach@craincaton.com

                                        **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF filing system.

                                                          */s/ William P. Huttenbach*
                                                          William P. Huttenbach