IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 1:25-CV-00263-RP |
| | § | |
| CIBANCO S.A., | § | |
| | § | |
| *Defendant.* | § | |

### CIBANCO S.A.'S RESPONSE TO
### POWERFAM WASHES, LLC'S MOTION TO INTERVENE

Defendant CIBanco S.A. ("CIBanco") opposes the Motion to Intervene filed by proposed Intervenors Lois and James Kolkhorst d/b/a PowerFam Washes, LLC ("PowerFam"). As explained below, intervention of right under Rule 24(a) should be denied because (1) PowerFam has no interest related to the property or transaction that is the subject of this lawsuit; and (2) to the extent it has such an interest, (a) PowerFam is not so situated that disposing of this lawsuit may as a practical matter impair or impede its ability to protect that interest; and (b) Plaintiff Brenham National Bank already adequately represents that interest. Meanwhile, permissive intervention under Rule 24(b) should be denied because PowerFam has no claim or defense that shares with this lawsuit a common question of law or fact. Finally, both types of intervention should be denied under Rule 24(c) because PowerFam did not accompany its motion with a pleading setting out the claims or defenses for which intervention is sought.

I.   STATEMENT OF FACTS

Plaintiff Brenham National Bank ("BNB") alleges that one of its customers instructed BNB to complete a wire transfer for the purpose of purchasing equipment. ECF No. 16, ¶ 6. But an unnamed individual fraudulently provided its customer with wiring instructions "so that the money

would be sent to him or her" rather than the equipment supplier. *Id*. at ¶ 5. That customer then sent the fraudulent wiring instructions to BNB, and BNB completed the funds transfer according to those wiring instructions. *Id*. at ¶ 6. Intervenors Lois and James Kolkhorst d/b/a PowerFam Washes, LLC ("PowerFam") contend they are the customer mentioned in BNB's complaint.

The bank account that received the wire transfer from BNB is a CIBanco account maintained by Citibank. *Id*. This account is a "correspondent account" used to facilitate international trade and foreign exchange. *See* ECF No. 26, Exhibit A, ¶ 11 (Declaration Roberto Pérez Estrada). The trail of this funds transfer occurred as follows: BNB to Citibank, which then credited CIBanco's account in United States dollars, and then CIBanco in turn credited its customer's account in Mexican pesos. *Id*. at ¶¶ 13-14.

After the funds transfer was completed according to the wire instructions, BNB sued Citibank in state court in January 2024, and the action was removed to the Southern District of Texas. ECF No. 1. Citibank was then permitted to interplead the funds that were credited to CIBanco's account, and Citibank was subsequently dismissed. ECF No. 15; ECF No. 21. This case was transferred to the Western District of Texas in February 2025. ECF No. 39.

Two years after this lawsuit began, PowerFam now seeks to intervene.

## II.  STANDARD

Intervention of right is governed by Federal Rule of Civil Procedure 24(a). To intervene of right, the proposed intervenor must either be "given an unconditional right to intervene by a federal statute" under Rule 24(a)(1), or meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).

Permissive intervention is governed by Rule 24(b). To intervene with permission, the proposed intervenor must either be "given a conditional right to intervene by a federal statute" under Rule 24(b)(1), or have "a claim or defense that shares with the main action a common question of law or fact" under Rule 24(b)(2). In exercising its discretion to permit intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). The decision to permit intervention is a "wholly discretionary" one, even if there is a common question of law or fact and the requirements of Rule 24(b) are satisfied. *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984)

For both types of intervention, the motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Rule 24(c).

### III.   ARGUMENT & AUTHORITIES

Intervention of right under Rule 24(a) should be denied because (1) PowerFam has no interest related to the property or transaction that is the subject of this lawsuit; and (2) to the extent it has such an interest, (a) PowerFam is not so situated that disposing of this lawsuit may as a practical matter impair or impede its ability to protect that interest; and (b) Plaintiff Brenham National Bank ("Plaintiff") already adequately represents that interest. Permissive intervention under Rule 24(b) should be denied because PowerFam has no claim or defense that shares with this lawsuit a common question of law or fact. Finally, both types of intervention should be denied under Rule 24(c) because PowerFam failed to accompany its motion with a pleading setting out the claims or defenses for which intervention is sought.

A. <u>Intervention of Right Under Rule 24(a) Should Be Denied</u>.

Intervention of right under Rule 24(a) should be denied because (1) PowerFam has no interest related to the property or transaction that is the subject of this lawsuit; and (2) to the extent it has such an interest, (a) PowerFam is not so situated that disposing of this lawsuit may as a practical matter impair or impede its ability to protect that interest; and (b) Plaintiff Brenham National Bank ("Plaintiff") already adequately represents that interest in this lawsuit.

1. <u>PowerFam has no interest related to this lawsuit</u>.

PowerFam appears to have no interest related to the property or transaction that is the subject of this lawsuit. The money PowerFam wired using fraudulent wiring instructions is gone. It was transferred from BNB to Citibank, which then credited CIBanco's "correspondent" account in United States dollars, and then CIBanco in turn credited its customer's account in Mexican pesos. ECF No. 26, Exhibit A, ¶¶ 13-14.

This lawsuit does not involve, and PowerFam does not appear to allege, any claims against the alleged fraudster that tricked PowerFam into wiring money using fraudulent wiring instructions. It is unclear what investigation PowerFam has done to identify the alleged fraudster, or whether law enforcement is involved. That fraudster is the responsible party and should be brought to justice—but not in this lawsuit.

For this reason alone, intervention of right should be denied.

2. <u>To the extent PowerFam has an interest in this lawsuit, PowerFam can protect that interest by other means</u>.

As noted by the Fifth Circuit, intervention should generally be denied where "the applicant can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994) (citing *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970)). Here, PowerFam can protect its interests by other means—namely, identifying

and suing the alleged fraudster. In *St. Bernard Parish v. Lafarge North America, Inc.*, the Fifth Circuit affirmed the denial of a motion for intervention of right where the proposed intervenor had "other possibilities, such as a state-law action." 914 F.3d 969, 975 (5th Cir. 2019) (concluding proposed intervention untimely). The fact that it may be difficult to identify or sue the alleged fraudster does not mean that PowerFam cannot protect its interests by other means. It certainly does not mean that an innocent foreign bank, CIBanco, should be held liable for the allegedly fraudulent or mistaken acts of others that caused PowerFam's loss.

For this reason alone, intervention of right should be denied.

> 3. <u>To the extent PowerFam has an interest in this lawsuit, that interest is already adequately protected by Plaintiff Brenham National Bank</u>.

The burden of establishing inadequate representation is the proposed intervenor. *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). Although this burden is minimal, "it cannot be treated as so minimal as to write the requirement out of the rule." *Cajun Elec. Power Coop. v. Gulf States Utils., Inc.*, 940 F.2d 117, 120 (5th Cir. 1991). A presumption of adequate representation arises when the proposed intervenor "has the same ultimate objective as a party to the lawsuit." *Edwards v. City of Houston* 78 F.3d 983, 1005 (5th Cir. 1996). In such cases, the proposed intervenor must show "adversity of interest, collusion, or nonfeasance on the part of the existing party" to overcome the presumption." *Id.*

Here, to the extent PowerFam has an interest related to the property or transaction that is the subject of this lawsuit (i.e., the interpleaded funds), that interest is already adequately protected by BNB. Indeed, BNB filed this lawsuit, essentially on PowerFam's behalf, to recover the funds that PowerFam was allegedly defrauded into wiring. Thus, PowerFam and BNB have the same ultimate objective in this lawsuit—to recover the interpleaded funds and hold an innocent foreign bank, CIBanco, responsible for the allegedly fraudulent or mistaken acts of others that caused the

loss. There is no adversity of interest between PowerFam and BNB, no collusion between them or anyone else, and no nonfeasance by BNB. PowerFam certainly has not alleged—much less shown—that any of these factors exist. Thus, PowerFam cannot overcome the presumption that its interest (if any) is adequately protected in this lawsuit by BNB.

For this reason alone, intervention of right should be denied.

B.  Permissive Intervention Under Rule 24(b) Should Be Denied.

Permissive intervention under Rule 24(b) should be denied because PowerFam has no claim or defense that shares with this lawsuit a common question of law or fact. Perhaps that is why PowerFam failed to include a pleading with its motion. If PowerFam were to submit a pleading, CIBanco expects it would include fraud and other causes of action against the alleged fraudster, with supporting facts. Yet none of those causes of action or supporting facts exist in this case. To be fair, BNB has generally alleged that its customer was defrauded into using fraudulent wiring instructions. But PowerFam would need to support any fraud claim with specific facts showing how the actual fraud occurred. Rule 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020) ("[P]laintiffs alleging fraud must additionally describe, in short, 'the who, what, when, and where' supporting their fraud allegations."). Those facts have not been alleged in this lawsuit. To the extent PowerFam simply seeks to reiterate BNB's claims for money had and received, unjust enrichment, and declaratory judgment, *see* ECF No. 16, those claims would be wholly duplicative. They would also be subject to dismissal for the same reasons that BNB's claims should be dismissed, including that they are preempted by Article 4A of the Uniform Commercial Code and that BNB fails to allege the "who, what, when, where, and how" of the alleged fraud or mistake as required by Rule 9 (b). *See* ECF No. 26, CIBanco's Motion to Dismiss, pp. 1-2, 4, 10-14.

For these reasons, permissive intervention should be denied.

C. <u>Intervention, Whether of Right or Permissive, Should Be Denied for Failure to Comply with Rule 24(c)</u>.

Both types of intervention should be denied because PowerFam failed to comply with Rule 24(c), which requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." If a proposed intervenor fails to file such a pleading, that is sufficient reason to deny a motion to intervene. *See In re SBMC Healthcare, LLC*, 519 B.R. 172, 185 (S.D. Tex. 2014), *aff'd*, No. 4:16-CV-02947, 2017 U.S. Dist. LEXIS 71848, 2017 WL 2062992 (S.D. Tex. May 11, 2017) (denying intervention on Rule 24(c) grounds). Here, it is undisputed that PowerFam failed to accompany its motion with any pleading.

For this reason alone, the motion to intervene should be denied.

## IV.   CONCLUSION

For these reasons, the Court should deny Lois and James Kolkhorst d/b/a PowerFam Washes, LLC's Motion to Intervene.

Dated: January 20, 2026

Respectfully submitted,

*/s / John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.
AJAMIE LLP
Texas Bar No. 24040851
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
jedwards@ajamie.com

**ATTORNEY FOR CIBANCO S.A.**

-8-

## CERTIFICATE OF SERVICE

I certify that on January 20, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to all counsel of record.

*/s/ John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.
