# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRENHAM NATIONAL BANK,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:25-CV-00263-RP** |
| **CIBANCO, S.A.** | § | |
| *Defendant* | § | |

**POWERFAM WASHES, LLC'S AMENDED MOTION TO INTERVENE**

NOW COMES Intervenors Lois and James Kolkhorst d/b/a PowerFam Washes, LLC's ("PowerFam") and files their Amended Motion to Intervene pursuant to Rule 24. PowerFam respectfully shows as follows:

**I.**
**INTRODUCTION**

Plaintiff Brenham National Bank (the "Plaintiff") brought this suit against CIBANCO, S.A. ("CIBanco") to recover funds that were fraudulently taken from PowerFam. PowerFam has not been joined in this case, despite the fact that it is undeniably an indispensable party as it is the company that was originally defrauded. Accordingly, PowerFam seeks to intervene in this action to redress the damage that has been caused to it. PowerFam has attempted to confer with the parties, but has received no response to its inquiry..

**II.**
**STATEMENT OF FACTS AND PROCEDURAL POSTURE**

Plaintiff Brenham National Bank's (the "Plaintiff") customer, PowerFam, was in the process of building a car wash when it requested wiring instructions from its equipment supplier to complete the purchase of equipment. But an unknown fraudulent actor, posing as the equipment

supplier, provided fraudulent wiring instructions so that the funds would be sent to the fraudulent actor, rather than to the equipment supplier.

On or about December 11, 2023, Plaintiff wired $360,801.37 (the "funds") using the fraudulent wiring instructions. The funds were wired to an account at Citibank, N.A. ("Citibank") that belongs to CIBANCO S.A. ("CIBanco"), a banking institution located in Mexico.

Upon learning of the fraud, PowerFam and Plaintiff sought the return of the funds. But Citibank refused. This lawsuit followed.

Plaintiff initially filed suit in the 295th District Court of Harris County on January 5, 2024. That state court issued a TRO to freeze the funds. Citibank, the original defendant in this matter, removed this case from state court to this Court and sought to interplead the frozen funds. On March 25, 2024, the Presiding Court entered an Order permitting Citibank to interplead the funds and granting leave for Plaintiff to join CIBanco as a party to this matter. Citibank was subsequently dismissed, and following a Motion to Dismiss, this case was transferred to the Western District of Texas.

### III.
### THE COURT SHOULD ALLOW POWERFAM TO INTERVENE

**A. Rule 24 sets out the grounds for intervention.**

Under Rule 24, a district court may grant intervention as a matter of right or permissively. Intervention as a right requires the Court to permit intervention any party who "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." Fed. R. Civ. P. 24(a)(2). Permissive intervention is proper where a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court should allow PowerFam to intervene under both Rule 24(a) and (b).

**B. Intervention as a matter of right is warranted; PowerFam is an indispensable party to this action.**

An applicant seeking to intervene under Rule 24(a) must satisfy a four-part test that the Fifth Circuit has summarized:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019); *see Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (same); *Cunningham v. Concentrix Sols. Corp.*, No. 4:20-CV-661, 2021 WL 963404, at *2–3 (E.D. Tex. Mar. 15, 2021) (same); *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *9–10 (E.D. Tex. Oct. 21, 2020) (same). The "inquiry under subsection (a)(2) is a flexible one . . . and intervention of right must be measured by a practical rather than technical yardstick." *Id.*, at *9 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)). While the applicant has the burden for establishing the propriety of intervention, "'Rule 24 is to be liberally construed.'" *Id.*, at *10 (quoting *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015)). Any doubts as to intervention are resolved in favor of the proposed intervenor. *Cunningham*, 2021 WL 963404, at *3.

PowerFam's proposed intervention satisfies all the requirements under Rule 24(a)(2).

**1. PowerFam's request is timely.**

The Fifth Circuit identifies four factors district courts should consider when evaluating timeliness:

> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or

reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*St. Bernard Par.*, 914 F.3d at 974; *In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *12 (same). "The analysis is contextual; absolute measures of timeliness should be ignored. The requirement of timeliness is not a tool of retribution to punish a tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner" *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (cleaned up). Accordingly, federal courts "should allow intervention where no one would be hurt and greater justice could be attained." *Id.* (cleaned up). Applying these factors, PowerFam's request is timely.

While the case has existed in some form since 2024, PowerFam has only recently known that its interests could not be served absent intervention. Moreover, the case has only just begun. The case was recently transferred to this Court, which is still considering CIBanco's motions to dismiss and disburse the funds. This Court has not even heard argument in those motions. Therefore, there is no prejudice to the existing parties if PowerFam intervenes at this moment.

However, if CIBanco's motions to dismiss and disburse the funds are granted without PowerFam being given the right to intervene, it will be severely prejudiced. It is unlikely that PowerFam will ever be able to recover its funds if they are dispersed back to CIBanco without PowerFam's ability to argue its case. The fact that the funds will no longer be held in the Court's registry—and therefore unlikely to be recoverable—absent intervention is an unusual circumstance that militates for a determination that the application is timely.

### 2. PowerFam has an interest in this action.

PowerFam plainly has an interest in this lawsuit. PowerFam was the defrauded party, and therefore, the funds currently being held in this Court's registry rightfully belong to PowerFam.

### 3. PowerFam's rights will be impaired if it is not permitted to intervene.

The third factor is satisfied as well. CIBanco harmed PowerFam by accepting and then disbursing fraudulently obtained funds. And those funds rightfully belong to PowerFam, not CIBanco.

### 4. PowerFam's interests are inadequately protected.

For the final requirement under Rule 24(a), "[t]he applicant has the burden of demonstrating inadequate representation, but this burden is 'minimal.' The applicant needs only to show that representation 'may be' inadequate." *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10 (1972)); *see Bishop v. Bostick*, No. 9:13-CV-82, 2014 WL 11486235, at *1 (E.D. Tex. May 15, 2014) (same, citing *Trbovich*). Here, the funds being held by this Court belong to PowerFam, not to the Plaintiff or the Defendant. PowerFam believes that its interest in the funds will be better protected by intervening than by relying on Plaintiff alone. As for CIBanco, it is currently seeking to keep the fraudulently obtained funds for itself.

All four factors weigh in favor of intervention, and the Court should permit the Company to intervene as a matter of right.

### C. Permissive intervention is also warranted.

"If not required, then intervention is simply permissive . . . ", and anyone with a claim or defense that shares a common question of law or fact with the main action may intervene so long as the intervention does not unduly delay or prejudice the adjudication of the rights of the original parties. *Cunningham*, 2021 WL 963404, at *3; *In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *10. Considering these factors, permissive intervention is appropriate.

For the reasons it has explained above, PowerFam's claims share a common question of law or fact with the main action, and intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. *See* Section III(B), *supra*.

## IV.
## CONCLUSION

PowerFam is an indispensable party to the claims in this case, and it has shown that the factors for both mandatory and permissive intervention have been satisfied. Accordingly, PowerFam respectfully requests the Court grant this Motion to Intervene and allow PowerFam to file its Complaint in Intervention, which is attached as Exhibit A to this Motion. PowerFam further requests any additional relief to which it is entitled.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
dprichard@pomllp.com
PRICHARD OLIVER MONTPAS, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]

AND

Kent Hance
State Bar No. 08881000
khance@hslawmail.com
Hance Scarborough LLP
203 W. 10th Street
Austin, TX 78701
(512) 479-8888

ATTORNEYS FOR
POWERFAM WASHES, LLC

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on December 21, 2025, I sent correspondence to opposing counsel to see if they objected to the relief sought in this motion but have not heard back from counsel.

*/s/ David M. Prichard*
David M. Prichard

## **CERTIFICATE OF SERVICE**

I hereby certify that on the **21st day of January 2026**, I have served *PowerFam Washes, LLC'S Amended Motion to Intervene* on all known counsel of record in a manner authorized by the Texas Rule of Civil Procedure.

William P. Huttenback
Greg S. DeVries
CRAIN, CATON & JAMES, PC
1401 McKinney, Suite 1700
Houston, TX 77010-4035
phuttenback@craincaton.com
gdevries@craincaton.com
***Counsel for Plaintiff,***
***Brenham National Bank***

John S. Edwards, Jr.
AJAMIE LLP
711 Louisiana Street, Suite 1600
Houston, TX 77002
jedwards@ajamie.com
         and
Nicholas Petree
AHMAD, ZAVITSANOS & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston, TX 77010
npetree@ajamie.com
***Counsel for Cibanco***

*/s/ David M. Prichard*
David M. Prichard

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BRENHAM NATIONAL BANK,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:25-CV-00263-RP** |
| **CIBANCO, S.A.** | § | |
| *Defendant* | § | |

### POWERFAM WASHES, LLC'S ORIGINAL COMPLAINT IN INTERVENTION

NOW COMES Intervenors Lois and James Kolkhorst d/b/a PowerFam Washes, LLC ("PowerFam") and files its Original Complaint in Intervention against Defendant CIBanco, S.A. ("CIBanco") and would respectfully show the Court as follows:

### I.
### PARTIES

1. Intervenors Lois and James Kolkhorst d/b/a PowerFam is a limited liability company authorized to do business in the state of Texas.

2. Plaintiff Brenham National Bank ("BNB") is a financial institution authorized to do business in the state of Texas.

3. Defendant CIBanco is a Mexican banking institution with its principal place of business in Mexico City, Mexico. CIBanco has appeared in this matter.

### II.
### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper as BNB resides in Brenham, Texas, which is in the Western District of Texas.  Under 28 U.S.C. § 1397, venue is proper in the district where the claimant(s) reside.

#171098

Accordingly, Defendant CIBanco requested this case be transferred from the Southern District of Texas to this venue in its Motion to Dismiss or, in the alternative, transfer to the Western District of Texas. CIBanco has since submitted to the personal jurisdiction of this Court by withdrawing its motion to dismiss on grounds of personal jurisdiction and pursuing its Motions to Dismiss and Disburse Funds on other grounds.

### III.
### BACKGROUND FACTS

6. PowerFam was in the process of building a car wash when it requested wiring instructions to complete the purchase of equipment. A fraudulent actor posing as the equipment supplier provided fraudulent wiring instructions so that the money was sent to a CIBanco account that on information and belief would later disburse the money to him or her rather than the actual equipment supplier.

7. PowerFam sent these wiring instructions to BNB. On or about December 11, 2023, BNB completed a wire transfer from BNB to Citibank, N.A. ("Citibank"), a national bank doing business in Harris County, Texas, in the amount of $360,801.37.

8. Citibank deposited the wired funds into CIBanco's account. This account is maintained by Citibank.

9. Upon learning of the fraud, BNB contacted Citibank to demand return of the funds. Citibank refused to do so. On January 3, 2024, BNB filed its Original Petition and Application for Temporary Restraining Order and Temporary Injunction. On January 5, 2024, the 295th District Court of Harris County issued a Temporary Restraining Order that instructed Citibank to place a hold on the funds.

10. Since then, the case was removed to the Southern District of Texas, then transferred to this Court. The stolen $360,801.37 was interpleaded and sits in the registry of the Court.

11. The funds rightfully belong to PowerFam and are only in CIBanco's possession by criminal means.

## IV.
## CAUSES OF ACTION

### A.  Money Had and Received

12. PowerFam adopts and incorporates by reference the foregoing paragraphs as if fully stated herein.  Defendant holds money that in equity and good conscience belongs to PowerFam.  *See London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  Citibank disbursed the fraudulently wired funds to CIBanco's account.  As the beneficiary of that fraudulently wired money, CIBanco is currently holding money that in equity and good conscience belongs to PowerFam.

13. Defendant should not have received the funds from PowerFam and BNB.  Defendant received the fraudulently wired funds, and those funds in the amount of $360,801.37 rightfully belong to PowerFam.

### B.  Unjust Enrichment

14. Plaintiff adopts and incorporates by reference the foregoing paragraphs as if fully stated herein. Defendant is seeking to obtain the funds currently held in this Court's registry.  That money that rightfully belongs to PowerFam.  If this Court returns the money seized from Defendant's account to Defendant, Defendant will be unjustly enriched from money that rightfully belongs to PowerFam through the wire transfer in dispute.  A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.  *See Pope v. Garrett*, 211 S.W.2d 559, 560 (Tex. 1948).

15. A claim for unjust enrichment requires proof of the following elements: (1) defendants obtained a benefit from the plaintiff by fraud, duress, or taking undue advantage; or (2) when a

contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons. *Burlington N.R.R. v. Southwestern Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), aff'd 966 S.W.2d 467 (Tex. 1998).

16. Here, Defendant, as the beneficiary of Citibank, obtained the transferred funds by fraud or by taking undue advantage when it, on information and belief, knew or should have known that the funds were transferred on behalf of an individual seeking to defraud PowerFam. PowerFam therefore suffered a loss, and Defendant was unjustly enriched, in the amount of $360,801.37. Defendant used funds stolen from PowerFam to continue its business of transferring funds to its clients, including the client who is known to have defrauded PowerFam.

17. Funds in the amount of $360,801.37 have since been transferred from Defendant's account to this Court's registry for the duration of this case. If Defendant recovers those funds, it will once again be unjustly enriched in the amount of $360,801.37.

### C.  Declaratory Judgment

18. PowerFam adopts and incorporates by reference the foregoing paragraphs as if fully stated herein. PowerFam seeks a declaratory judgment stating that it is entitled to the $360,801.37 currently deposited into the registry of the Court pursuant to interpleader. The funds rightfully belong to PowerFam.

### V.
### CONCLUSION

WHEREFORE, POWERFRAM respectfully requests the Court enter judgment in favor of it against Defendant for:

(1)    actual damages,

(2)    exemplary damages,

(3)    reasonable and necessary attorneys' fees,

(4)     costs and expenses,

(5)     pre- and post-judgment interest as allowed by law,

(6)     declaratory relief, and

(7)     any other relief to which it is justly entitled.


Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
dprichard@pomllp.com

PRICHARD OLIVER MONTPAS, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]

AND

Kent Hance
State Bar No. 08881000
khance@hslawmail.com
HANCE SCARBOROUGH LLP
203 W. 10th Street
Austin, TX 78701
(512) 479-8888

**ATTORNEYS FOR INTERVENORS**
**LOIS AND JAMES KOLKHORST d/b/a**
**POWERFAM WASHES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the **21st day of January 2026**, I served *PowerFam Washes, LLC's Original Complaint* on all known counsel of record in a manner authorized by the Texas Rule of Civil Procedure.

William P. Huttenback
Greg S. DeVries
CRAIN, CATON & JAMES, PC
1401 McKinney, Suite 1700
Houston, TX 77010-4035
phuttenback@craincaton.com
gdevries@craincaton.com
***Counsel for Plaintiff,***
***Brenham National Bank***

Daniel Avila II
REED SMITH, LLP
1221 McKinney St., Suite 2100
Houston, TX 77010
***Counsel for CitiBank, N.A.***

John S. Edwards, Jr.
AJAMIE LLP
711 Louisiana Street, Suite 1600
Houston, TX 77002
jedwards@ajamie.com
        and
Nicholas Petree
AHMAD, ZAVITSANOS & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston, TX 77010
npetree@ajamie.com
***Counsel for CIBanco***

*/s/ David M. Prichard*
David M. Prichard

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRENHAM NATIONAL BANK,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:25-CV-00263-RP** |
| **CIBANCO, S.A.** | § | |
| *Defendant* | § | |

**ORDER GRANTING INTERVENOR POWERFAM WASHES LLC'S
AMENDED MOTION TO INTERVENE**

On this day the Court considered Intervenor PowerFam Washes, LLC's ("PowerFam")

Amended Motion to Intervene.  After considering PowerFam's motion, Plaintiff's responses, if

any, and the arguments of counsel, the Court finds this Motion should be in all things GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Intervenor PowerFam

Washes, LLC's Amended Motion to Intervene is GRANTED.

SIGNED on the _____ day of January 2026.

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Order