**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRENHAM NATIONAL BANK,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:25-CV-00263-RP** |
| **CIBANCO, S.A.** | § | |
| *Defendant* | § | |

**POWERFAM WASHES, LLC'S REPLY IN SUPPORT OF ITS**
**AMENDED MOTION TO INTERVENE**

CIBanco S.A.'s ("CIBanco") Response to PowerFam Washes, LLC's ("PowerFam") Motion to Intervene argues that PowerFam (a) has no interest in this lawsuit, (b) can protect it by other means, and (c) PowerFam's interests are adequately protected by Brenham National Bank. But CIBanco's arguments fail because they do not adequately address the fact that PowerFam is the real party in interest in this suit, as the funds currently sitting in the Court's registry properly belong to PowerFam. Any resolution of this case without intervention would necessarily harm PowerFam. This Court, therefore, should permit PowerFam to intervene in this case.[1]

**I.**
**ARGUMENT**

**A. PowerFam is an indispensable party to this action.**

PowerFam has a clear interest in this suit, as described in both its Amended Motion to Intervene and the Complaint accompanying it. CIBanco claims that the money PowerFam wired is "gone," and that, therefore, they have no real interest related to the property or transaction that

---

[1] CIBanco's Response (Doc. 64) was in response to PowerFam's original Motion to Intervene (Doc. 62). On January 21, 2026, PowerFam field its Unopposed Motion for Leave to file its Amended Motion for Leave (Doc. 65). The Court granted that motion for leave by text order dated January 22, 2026 and, the same day, denied PowerFam's original Motion to Intervene as moot. *See* Text Order, January 22, 2026.

is the subject of the lawsuit.  Response at 4.  This is simply false.  As the defrauded party, PowerFam is the party with the most direct interest in the funds at issue here.  And while CIBanco claims that the only party PowerFam could rightfully sue is the fraudster, that claim ignores PowerFam's argument that CIBanco itself likely knows the identity of the fraudulent actor and has been acting to conceal that information and could recover the funds from its client.  Accordingly, PowerFam's intervention in this suit is intended to recover the funds taken from it.  And as those funds currently sit in the registry of this Court, PowerFam is the party that will be harmed if the funds are not properly awarded to it.  Moreover, as argued in its Motion, CIBanco currently has a motion to dismiss pending in this Court.  Should that motion be resolved in CIBanco's favor absent PowerFam being given the opportunity to be heard, PowerFam will be prejudiced.

Second, CIBanco claims that PowerFam can satisfy its interests by suing the fraudulent actor.  Response at 4–5.  However, CIBanco, as the party who disbursed the funds that were fraudulently obtained, is a proper party for PowerFam to sue.  Moreover, the caselaw cited by CIBanco is in opposite.  In the *Deus v. Allstate* case, the Court denied intervention because the party seeking intervention had "no personal interest" in the case, but merely wanted access to discovery materials that it could obtain from a separate lawsuit *it was already participating in*. *Deus v. Allstate Inc. Co.*, 15 F.3d 506, 526 (5th Cir. 1994).  This case does not apply here where, unquestionably, PowerFam has a "personal interest" in the underlying case.

In *St. Bernard Parish v. Lafarge North America*, the Court's determination rested on the fact that the party seeking intervention was untimely.  914 F.3d 969, 975 (5th Cir. 2019).  There, the party seeking intervention was an attorney who withdrew representation in the case, only to seek to intervene six years later, *following settlement of the case*. *Id.* at 972–73.  He sought to intervene in order to obtain fees. *Id.* at 973.  There, it was unquestionable that the interpleader was

untimely and only following resolution of the main case.  That is simply not the same situation here, where CIBanco has not alleged that PowerFam's intervention in this case would be untimely.  And just because PowerFam could also sue the fraudulent actor does not mean that it is not entitled to also act as a plaintiff in this lawsuit against CIBanco, which allowed its institution to be used as a vehicle for fraud.

Finally, CIBanco argues that PowerFam's interests are already adequately protected by Brenham National Bank, and, therefore, it should not be permitted to intervene.  But a presumption of adequate representation can be rebutted by a showing that the parties have differing views based on different legal arguments, even where there is a shared ultimate objective.  *Louisiana v. Burgum*, 132 F.4th 918, 923 (5th Cir. 2025).  PowerFam's Complaint alleges that CIBanco knows or should be able to discover the identity of its customers who commit fraud.  This is an allegation that Brenham National Bank has not made, and by making that allegation, PowerFam demonstrates that it intends to seek discovery, present alternate legal theories, and prosecute the case in a way that is not entirely the same as Brenham National Bank's legal strategy.  This is sufficient to satisfy the minimal burden required to demonstrate that its "representation may be inadequate" absent intervention.  *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (cleaned up).  Therefore, PowerFam should be entitled to intervene as a matter of right.

### B. Permissive intervention is warranted because PowerFam has a clear interest in this matter.

Even if this Court believes that PowerFam is not entitled to intervene as a matter of right, it may still permit intervention.  CIBanco asserts that PowerFam "has no claim or defense that shares with this lawsuit a common question of law or fact."  Response at 6.  That is belied by both PowerFam's initial Motion and its Complaint.  The underlying facts of PowerFam's Complaint are shared with the existing case.  Therefore, permission intervention is warranted.  CIBanco makes

no argument that allowing intervention would somehow unduly delay the proceedings or prejudice CIBanco. *Cunningham v. Cocentrix Sols. Corp.*, No. 4:20-CV-661, 2021 WL 96304, at *3 (E.D. Tex. Mar. 15, 2021) (permissive intervention allowed where there is no undue delay or prejudice). CIBanco, therefore, has provided no argument that this Court should deny permissive intervention. To the extent that CIBanco relies on its pre-existing motion to dismiss as a reason to deny intervention, that argument is without merit. As explained above, PowerFam will be harmed if it is not presented the opportunity to argue that its case is not governed by Article 4A of the Uniform Commercial Code.

### C.  CIBanco's argument that PowerFam failed to comply with Rule 24(c) is moot.

Finally, CIBanco argues that intervention should be denied for failure to comply with Rule 24(c). That argument is now moot because PowerFam filed its Amended Motion to Intervene with the Complaint attached, and the Court granted PowerFam leave to amend. *See* Text Order, Jan. 22, 2026. As the Amended Motion to Intervene complies with Rule 24(c), it should not be denied on those grounds.

### <u>CONCLUSION</u>

PowerFam is an indispensable party to the claims in this case, and it has shown that the factors for both mandatory and permissive intervention have been satisfied. Accordingly, PowerFam respectfully requests the Court grant this Amended Motion to Intervene and allow PowerFam to file its Complaint in Intervention. PowerFam further requests any additional relief to which it is entitled.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
dprichard@pomllp.com
PRICHARD OLIVER MONTPAS, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]

AND

Kent Hance
State Bar No. 08881000
khance@hslawmail.com
HANCE SCARBOROUGH LLP
203 W. 10th Street
Austin, TX 78701
(512) 479-8888 [Telephone]

**ATTORNEYS FOR
POWERFAM WASHES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the **27thf day of January 2026**, I have served ***PowerFam Washes, LLC'S Reply in Support of Its Amended Motion to Intervene*** on all known counsel of record in a manner authorized by the Texas Rule of Civil Procedure.

William P. Huttenback
Greg S. DeVries
CRAIN, CATON & JAMES, PC
1401 McKinney, Suite 1700
Houston, TX 77010-4035
phuttenback@craincaton.com
gdevries@craincaton.com
***Counsel for Plaintiff,***
***Brenham National Bank***

John S. Edwards, Jr.
AJAMIE LLP
711 Louisiana Street, Suite 1600
Houston, TX 77002
jedwards@ajamie.com
     and
Nicholas Petree
AHMAD, ZAVITSANOS & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston, TX 77010
npetree@ajamie.com
***Counsel for Cibanco***

*/s/ David M. Prichard*
David M. Prichard