# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Case Number:  1:25-CV-00263-RP |
| | § | |
| CIBANCO S.A., | § | |
| *Defendant.* | § | |

## PLAINTIFF'S REPLY TO CIBANCO S.A.'S RESPONSE TO POWERFAM WASHES, LLC'S MOTION TO INTERVENE

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
    William P. Huttenbach
    State Bar No. 24002330
    Greg DeVries
    State Bar No. 24105802
    1401 McKinney, Suite 1700
    Houston, Texas 77010
    713.658.2323 Telephone
    713.658.1921 Fax

**ATTORNEY FOR PLAINTIFF**

# **TABLE OF AUTHORITIES**

**Cases**

*Adam Jospeh Red. (M) Sdn. Bhd. v. CAN Metals Ltd.*,
    919 F.3d 856, 865 (5th Cir.2019) ................................................................................... 3, 4

*Benjamin v. Department of Pub. Welfare*,
    701 F.3d 938,948 (3d Cir.2012) ......................................................................................... 4

*Bost v. Illinois State Bd. of Elections*,
    75 F.4th 682, 686-87 (7th Cir.2023) ................................................................................... 4

*Davis v. Butts*,
    290 F.3d 1297, 1300 (11th Cir.2002) .................................................................................. 3

*Doe #1 v. Glickman*,
    256 F.3d 371, 375 (5th Cir.2001) ........................................................................................ 3

*Freedom from Religion Fund v. Geithner*,
    644 F.3d 836, 841 (9th Cir.2011) ........................................................................................ 4

*In re Lease Oil Antitrust Litig.*,
    570 F.3d 244, 250 (5th Cir.2009) ........................................................................................ 4

*In re New York Policing During Summer 2020 Demonstrations*,
    27 F.4th 792, 799 (2d Cir. 2022) ......................................................................................... 4

*In re Troutman Enters.*,
    286 F.3d 359,363 (6th Cir.2002) ........................................................................................ 3

*La Union del Pueblo Entero v. Abbott*,
    29 F.4th 299, 305 (5th Cir. 2022) ........................................................................................ 4

*Mountain Top Condo.*,
    72 F.3d at 366 ...................................................................................................................... 4

*Pennsylvania v. President U.S. of Am.*,
    888 F.3d 52, 57-58 (3rd Cir.2018) ....................................................................................... 4

*R&G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*,
    584 F.3d 1,7 (1st Cir.2009) .................................................................................................. 4

*Rotstain v. Mendez*,
    986 F.3d 931, 937 (5th Cir.2021) ........................................................................................ 3

*Smith Pet. Serv. v. Monsanto Chem. Co.*,
    420 F.2d 1103, 1115 (5th Cir.1970) .................................................................................... 3

*Town of Chester v. Laroe Estates, Inc.*,
    581 U.S. 433, 439-40 (2017) ............................................................................................... 3

i

*U.S. v. Albert Inv. Co.*,
   585 F.3d 1386, 1391 (10th Cir.2009) ................................................................................. 4

*U.S. v. City of L.A.*,
   288 F.3d 391, 397-98 (9th Cir.2002) ................................................................................. 3

*U.S. v. Union Elec. Co.*,
   64 F.3d 1152, 1161 (8th Cir.1995) ..................................................................................... 4

*Utah Ass'n of Cty. v. Clinton*,
   255 F.3d 1246, 1249 (10th Cir.2001) ................................................................................. 3

*WildEarth Guardians v. National Park Serv.*,
   604 F.3d 1192, 1198 (10th Cir.2010) ................................................................................. 4

*Wineries of the Old Mission Peninsula Ass'n v. Dave Stabbert Master Builder, Inc.*,
   41 F.4th 767, 772 (6th Cir. 2022) ....................................................................................... 4

**Rules & Regulations**

FRCP 24(a) ................................................................................................................................... 3

FRCP 24(a)(2) .............................................................................................................................. 3

010733.000003
7213563.3

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| BRENHAM NATIONAL BANK, § <br> *Plaintiff,* § <br> § <br> V. § <br> § <br> CIBANCO S.A., § <br> *Defendant.* § | Case Number: 1:25-CV-00263-RP |

**PLAINTIFF'S REPLY TO CIBANCO S.A.'S RESPONSE TO**
**POWERFAM WASHES, LLC'S MOTION TO INTERVENE**

Plaintiff Brenham National Bank ("**Plaintiff**") files this Reply to Cibanco, S.A.'s ("**CIBanco**" or "**Defendant**") Response to Powerfam Washes, LLC's Motion to Intervene (Dkt. No. 64) and its agreement to allow intervention and would respectfully show as follows:

1.  Plaintiff wholeheartedly supports the Intervention and disagrees with CIBanco's argument that the true owner of the funds in dispute should not be allowed to intervene in this proceeding and make a claim to the disputed funds. Indeed, CIBanco tries to argue that Lois and James Kolkhorst d/b/a PowerFam Washes, LLC ("**Powerfam**") does not have any interest in this proceeding. However, as evidenced by its Motion to Intervene, Powerfam absolutely has an interest in this proceeding and is claiming the funds in dispute. More specifically, Powerfam has acknowledged that it intended to send a wire transfer but then was tricked into using fraudulent wire instructions. In other words, Powerfam wanted the wire transfer to go to one party but, instead, the wire was transferred to a different party. Indeed, it is undisputed that Citibank, N.A. ("**Citibank**") and/or CIBanco was never supposed to get the funds in dispute.

2.  In other words, Powerfam was tricked into sending funds to the incorrect party and Powerfam is seeking to intervene in the proceeding to confirm that the funds in dispute actually belong to this party. CIBanco argues that they did not originally bring the proceeding. However,

if Powerfam had originally brought the proceeding, Citibank and/or CIBanco would have likely argued that there was no direct relationship between Powerfam and the other parties since Plaintiff (Powerfam's bank) was the actual entity who conducted the wire transfer based on the wiring instructions provided to Plaintiff by Powerfam. Indeed, there would likely be no privity between the parties if Powerfam had sued directly.

3. Instead, once the funds had been interpleaded into the registry of the court, it makes perfect sense for the true owner of the funds (who got defrauded) to intervene and notify the Court that they are claiming their funds and that they would like the funds returned that they were tricked into sending. When CIBanco claims that Powerfam has no interest in this proceeding, this is absolutely disproven by the facts of this case since the funds in dispute originated from Powerfam and it was Powerfam's funds that were sent to Citibank. Yes, Powerfam is the true owner of the funds and CIBanco has not argued to the contrary.

4. CIBanco also ignores the fact that they contributed to the fraud. While CIBanco tries to argue that Powerfam should sue the unknown fraudster, the unknown fraudster is actually well known to CIBanco. In other words, CIBanco ignores the fact that CIBanco apparently decided to open a bank account for the fraudster to allow a fraudster to commit bank fraud. CIBanco ignores the fact that it was their customer (and known to CIBanco), who then began using a CIBanco account to commit international bank fraud. CIBanco ignores the fact that they likely had a contractual relationship via a deposit agreement and/or otherwise with CIBanco (again, it was CIBanco's customer who is a criminal and participated in the international wire fraud) and CIBanco tries to argue to this Court that, even though they had the most direct relationship with the fraudster, CIBanco wants Powerfam to not be able to claim their funds and, instead, sue a fraudster unknown to Powerfam and who has likely disappeared. If anyone should pursue the

2

unknown fraudster, CIBanco should pursue them since it allowed the fraudster to open a bank account under likely unusual circumstances and purportedly receive a large amount of money via international wire and CIBanco then likely allowed the fraudster to quickly abscond with the proceeds. Again, CIBanco had a direct relationship with the fraudster and this Court should allow Powerfam to retrieve its funds, and CIBanco can then pursue any claims it has against its own customer, who chose to do business with CIBanco.

5. Courts generally construe FRCP 24(a) broadly in favor of intervenors. *U.S. v. City of L.A.*, 288 F.3d 391, 397-98 (9th Cir.2002); see also *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir.2021) (intervention should be allowed when no one would be hurt and greater justice could be attained). When an applicant alleges and proves it has a right to intervene under FRCP 24(a), it is generally not required to plead and prove an independent ground for jurisdiction. *Smith Pet. Serv. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1115 (5th Cir.1970). To intervene as a matter of right, the applicant must show that a federal statute confers a right to intervene or the applicant has an interest in the suit, and in certain circumstances, the applicant must satisfy the requirements of constitutional standing. See FRCP 24(a); *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439-40 (2017). Under FRCP 24(a)(2), the applicant can show that it has an interest in the subject matter of the pending suit and that disposition of the suit may impair interest. *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir.2002); *In re Troutman Enters.*, 286 F.3d 359, 363 (6th Cir.2002); *Doe #1 v. Glickman*, 256 F.3d 371, 375 (5th Cir.2001); *Utah Ass'n of Cty. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir.2001).

6. The applicant must show (1) an interest relating to the action (2) that the interest would be impaired or impeded by the case, and (3) that the interest is not adequately represented by existing parties. *Adam Jospeh Red. (M) Sdn. Bhd. v. CAN Metals Ltd.*, 919 F.3d 856, 865 (5th

3

010733.000003
7213563.3

Cir.2019); *Benjamin v. Department of Pub. Welfare*, 701 F.3d 938,948 (3d Cir.2012); *Freedom from Religion Fund v. Geithner*, 644 F.3d 836, 841 (9th Cir.2011); *U.S. v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir.2009); *R&G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F.3d 1,7 (1st Cir.2009). The applicant must show it has an interest in the suit that is direct, substantial, and legally protectable. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022); *In re New York Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022); *U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir.1995); see also *Bost v. Illinois State Bd. of Elections*, 75 F.4th 682, 686-87 (7th Cir.2023): *Pennsylvania v. President U.S. of Am.*, 888 F.3d 52, 57-58 (3rd Cir.2018).

7. The applicant does not need to have an interest in every part of the suit; it is entitled to intervene as long as its interest is significantly protectable. See *Pennsylvania*, 888 F.3d at 58; *Wineries of the Old Mission Peninsula Ass'n v. Dave Stabbert Master Builder, Inc.* 41 F.4th 767, 772 (6th Cir. 2022); see, e.g., *Adam Joseph Res.*, 919 F.3d at 88 (attorney's contingency fee is sufficient interest for purpose of intervention). Although the interest must be protectable, it does not have to be legally enforceable. *La Union del Pueblo Entero*, 29 F.4th at 305. The applicant must demonstrate the following: the interest is recognized as one belonging to or owned by the proposed applicant. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir.2009); *Mountain Top Condo.*, 72 F.3d at 366; see *WildEarth Guardians v. National Park Serv.*, 604 F.3d 1192, 1198 (10th Cir.2010) (applicant's interest is measured by its relationship to property or transaction in suit, not by particular issue before court).

8. CIBanco also tries to claim that the "fraudster" is the responsible party. *See* CIBanco's Response, p. 4. CIBanco also claims that the fraudster should be "brought to justice – but not in this lawsuit." *Id*. Again, this does not make sense and if the funds truly originated from

4

and belong to Powerfam (which CIBanco does not appear to be contesting), "justice" requires that funds be returned to Powerfam. CIBanco is not disputing that fraud occurred and simply wants to argue that this Court should ignore all the other facts and instead dismiss the proceeding, and require Powerfam to go to Mexico to pursue an unknown fraudster who just happens to be a customer of CIBanco. Again, if anyone should pursue the fraudster and if anyone should help bring the fraudster to justice, CIBanco should be the party to do so. Indeed, the Court should award the funds to Powerfam. Here, Powerfam is a legitimate applicant and properly intervened to protect its interests and Powerfam should be able to recover the exact funds that it sent via a fraudulent wire transfer. While CIBanco claims that Powerfam should "protect its interests by other means," this would be implicitly allowing bank fraud. Again, no one is disputing that bank fraud has occurred and no one is disputing that Powerfam's funds are sitting in the registry of the Court. No one is disputing that Powerfam is the true owner of the disputed funds. Instead, CIBanco simply wants the Court to consider CIBanco to be an "innocent" foreign bank.

9.     Again, CIBanco claims to be an "innocent" party but CIBanco is the bank that decided to open an account for its customer and apparently allowed its customer to use the account to commit bank fraud. CIBanco has not divulged any underlying facts about the underlying account activity but it would not be surprising to see that the bank account was likely opened under suspicious circumstances and that the bank account was used to commit all sorts of criminal activities. Indeed, in many of these situations, a bank account may be opened with a limited amount and then a large amount is deposited into the account via a fraudulent check and/or fraudulent wire transfer, and then the criminal again begins to try to withdraw the money in many cash transfers and/or other ways to try to deplete the account as quickly as possible. CIBanco claims to be an "innocent" bank but has not provided any of this background information. Meanwhile, it is

5

undisputed that Powerfam's money was stolen from Powerfam and sent to Citibank, Citibank has transferred those funds into the registry of the Court, and Powerfam has now made a claim to those funds and should be allowed to intervene to be able to do so.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant Powerfam Washes, LLC's Motion to Intervene and allow Powerfam Washes, LLC to make a claim to the disputed funds.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: /s/ William P. Huttenbach
William P. Huttenbach
State Bar No. 24002330
Greg DeVries
State Bar No. 24105802
1401 McKinney, Suite 1700
Houston, Texas 77010
713.658.2323 Telephone
713.658.1921 Fax

**ATTORNEY FOR PLAINTIFF**

010733.000003
7213563.3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 28, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF filing system.

                                                                */s/ William P. Huttenbach*
                                                                William P. Huttenbach