## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 1:25-CV-00263-RP |
| | § | |
| CIBANCO S.A., | § | |
| | § | |
| *Defendant.* | § | |

### CIBANCO S.A.'S RESPONSE TO
### POWERFAM WASHES, LLC'S AMENDED MOTION TO INTERVENE

Defendant CIBanco S.A. ("CIBanco") opposes the Amended Motion to Intervene (ECF No. 66) filed by proposed Intervenors Lois and James Kolkhorst d/b/a PowerFam Washes, LLC ("PowerFam"). As shown below, intervention of right under Rule 24(a) should be denied because PowerFam has no interest related to the interpleaded funds. The money PowerFam wired to CIBanco's correspondent account was converted to pesos and transferred to the alleged fraudster, who absconded with it. Thus, PowerFam's money is gone, and the money in the court's registry belongs to CIBanco. To the extent PowerFam has an interest related to the interpleaded funds, PowerFam is not so situated that disposing of this lawsuit may as a practical matter impair or impede its ability to protect that interest. PowerFam can and should attempt to identify and sue the alleged fraudster in another lawsuit. Suing an innocent bank like CIBanco accomplishes nothing.

Meanwhile, permissive intervention under Rule 24(b) should be denied because it would be futile. Like the claims of Plaintiff Brenham National Bank ("BNB"), PowerFam essentially asserts fraud claims against an innocent party. But these claims are subject to dismissal because they are preempted by Article 4A of the Uniform Commercial Code and because they fail to allege fraud with specificity, as required by Rule 9(b). *See* ECF No. 26, CIBanco's Motion to Dismiss.

I.     STATEMENT OF FACTS

PowerFam alleges that it instructed BNB to complete a wire transfer for the purpose of purchasing equipment. ECF No. 66, pp. 1-2, 11. But an unnamed individual provided it with fraudulent wiring instructions so that the money would be sent to him or her rather than the equipment supplier. *Id*. That customer then sent the fraudulent wiring instructions to BNB, who completed the funds transfer according to those wiring instructions. *Id.*.

The bank account that received the wire transfer from BNB is a CIBanco account maintained by Citibank. *Id*. This account is a "correspondent account" used to facilitate international trade and foreign exchange. *See* ECF No. 26, Exhibit A, ¶ 11 (Declaration Roberto Pérez Estrada). The trail of this funds transfer occurred as follows: BNB to Citibank, which then credited CIBanco's account in United States dollars, and then CIBanco in turn credited its customer's account in Mexican pesos. *Id*. at ¶¶ 13-14.

After the funds transfer was completed according to the wire instructions, BNB sued Citibank in state court in January 2024, and the action was removed to the Southern District of Texas. ECF No. 1. Citibank was then permitted to interplead the funds that were credited to CIBanco's account, and Citibank was subsequently dismissed. ECF No. 15; ECF No. 21. This case was transferred to the Western District of Texas in February 2025. ECF No. 39.

Two years after this lawsuit began, PowerFam now seeks to intervene. PowerFam filed an original Motion to Intervene (ECF No. 62) on January 6, 2026. CIBanco responded (ECF No. 64) on January 20, 2026, and objected that the motion was not accompanied by a pleading, as required by Rule 24(c).

PowerFam then filed an Unopposed Motion for Leave to Amend Motion to Intervene (ECF No. 65) on January 21, 2026. In its proposed Amended Motion to Intervene, PowerFam included a proposed Original Complaint in Intervention. In text orders on January 22, 2026, the Court

granted the motion for leave, ordered that the amended motion to intervene be entered on the docket, and denied as *moot* the original motion to intervene.

PowerFam's Amended Motion to Intervene (ECF No. 66) was entered on the docket on January 22, 2026. Under Local Rule 7.D.2, the deadline to respond to this amended motion is February 5, 2026 (14 days after the motion was filed). On January 27, 2026, before CIBanco responded, PowerFam filed a reply (ECF No. 67) in support of its amended motion to intervene, and addressed arguments in CIBanco's response to PowerFam's (now moot) original motion to intervene. On January 28, 2026, BNB filed a reply (ECF No.68) in support of PowerFam's (moot) original motion to intervene.

CIBanco now responds to the amended motion to intervene (ECF No. 66), and also addresses arguments made by PowerFam and BNB in their later filings (ECF Nos. 67 and 68).

## II.    STANDARD

Intervention of right is governed by Federal Rule of Civil Procedure 24(a). To intervene of right, the proposed intervenor must either be "given an unconditional right to intervene by a federal statute" under Rule 24(a)(1), or meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).

Permissive intervention is governed by Rule 24(b). To intervene with permission, the proposed intervenor must either be "given a conditional right to intervene by a federal statute"

under Rule 24(b)(1), or have "a claim or defense that shares with the main action a common question of law or fact" under Rule 24(b)(2). In exercising its discretion to permit intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). The decision to permit intervention is a "wholly discretionary" one, even if there is a common question of law or fact and the requirements of Rule 24(b) are satisfied. *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).

For both types of intervention, the motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Rule 24(c).

### III.    ARGUMENT & AUTHORITIES

Intervention of right under Rule 24(a) should be denied because (1) PowerFam has no interest related to the interpleaded funds; and (2) to the extent it has such an interest, (a) PowerFam is not so situated that disposing of this lawsuit may as a practical matter impair or impede its ability to protect that interest; and (b) BNB already adequately represents that interest. Permissive intervention under Rule 24(b) should be denied because intervention would be futile. Instead of suing an innocent party like CIBanco in this lawsuit, PowerFam should pursue the alleged fraudster in a new lawsuit.

### A.    Intervention of Right Under Rule 24(a) Should Be Denied.

Intervention of right under Rule 24(a) should be denied because (1) PowerFam has no interest related to the property or transaction that is the subject of this lawsuit; and (2) to the extent it has such an interest, (a) PowerFam is not so situated that disposing of this lawsuit may as a practical matter impair or impede its ability to protect that interest; and (b) Plaintiff BNB already adequately represents that interest in this lawsuit.

1.      PowerFam has no interest related to this lawsuit.

PowerFam has no interest related to the property or transaction that is the subject of this

lawsuit. The money PowerFam wired using fraudulent wiring instructions is gone. It was

transferred from BNB to Citibank, which then credited CIBanco's "correspondent" account in

United States dollars, and then CIBanco in turn credited its customer's account in Mexican pesos.

ECF No. 26, Exhibit A, ¶¶ 13-14.

This lawsuit does not involve claims against the alleged fraudster that allegedly tricked

PowerFam into wiring money using fake wiring instructions. It is unclear what investigation

PowerFam has done to identify the alleged fraudster, or whether law enforcement is involved. But

the fraudster is the responsible party and should be brought to justice—just not in this lawsuit.

For this reason alone, intervention of right should be denied.

2.      To the extent PowerFam has an interest in this lawsuit, PowerFam can
        protect that interest by other means.

As noted by the Fifth Circuit, intervention should generally be denied where "the applicant

can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate

Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994) (citing *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118

(5th Cir. 1970)). Here, PowerFam can protect its interests by other means—namely, identifying

and suing the alleged fraudster. In *St. Bernard Parish v. Lafarge North America, Inc.*, the Fifth

Circuit affirmed the denial of a motion for intervention of right where the proposed intervenor had

"other possibilities, such as a state-law action." 914 F.3d 969, 975 (5th Cir. 2019) (concluding

proposed intervention untimely). The fact that it may be difficult to identify or sue the alleged

fraudster does not mean that PowerFam cannot protect its interests by other means. It certainly

does not mean that an innocent foreign bank, CIBanco, should be held liable for the allegedly

fraudulent or mistaken acts of others that caused PowerFam's loss.

For this reason alone, intervention of right should be denied.

> 3.    <u>To the extent PowerFam has an interest in this lawsuit, that interest is
> already adequately protected by Plaintiff Brenham National Bank.</u>

The burden of establishing inadequate representation is the proposed intervenor. *Hopwood
v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). Although this burden is minimal, "it cannot be treated
as so minimal as to write the requirement out of the rule." *Cajun Elec. Power Coop. v. Gulf States
Utils., Inc.*, 940 F.2d 117, 120 (5th Cir. 1991). A presumption of adequate representation arises
when the proposed intervenor "has the same ultimate objective as a party to the lawsuit." *Edwards
v. City of Houston* 78 F.3d 983, 1005 (5th Cir. 1996). In such cases, the proposed intervenor must
show "adversity of interest, collusion, or nonfeasance on the part of the existing party" to overcome
the presumption." *Id.*

Here, to the extent PowerFam has an interest related to the interpleaded funds, that interest
is already adequately protected by BNB. Indeed, BNB filed this lawsuit, essentially on
PowerFam's behalf, to recover the funds that PowerFam was allegedly defrauded into wiring.
Thus, PowerFam and BNB have the same ultimate objective in this lawsuit—to recover the
interpleaded funds and hold an innocent foreign bank, CIBanco, responsible for the allegedly
fraudulent or mistaken acts of others that caused the loss. There is no adversity of interest between
PowerFam and BNB, no collusion between them or anyone else, and no nonfeasance by BNB.
PowerFam certainly has not alleged—much less shown—that any of these factors exist.

PowerFam argues that this presumption of adequate representation can be rebutted by
showing that the parties have "differing views based on different legal arguments, even where
there is a shared ultimate objective." Reply, ECF No. 67, p. 3 (citing *Louisiana v. Burgum*, 132
F.4th 918, 923 (5th Cir. 2025)). But PowerFam identifies no differing legal arguments. Although
it says CIBanco knows or should be able to discover the identity of its customers who commit

fraud, *id.*, and that BNB does not make this specific (and irrelevant) allegation, PowerFam has not

shown that BNB disagrees with this allegation. Silence does not equal disagreement. PowerFam

also fails to explain how this allegation shows that its legal strategy differs from BNB's, such that

BNB's representation may be inadequate. Thus, PowerFam cannot overcome the presumption that

its interest (if any) is adequately protected in this lawsuit by BNB.

For this reason alone, intervention of right should be denied.

B.      Permissive Intervention Under Rule 24(b) Should Be Denied.

Permissive intervention under Rule 24(b) should be denied because PowerFam has no

claim or defense that shares with this lawsuit a common question of law or fact. PowerFam's

proposed *Original Complaint in Intervention* asserts causes of action for money had and received,

unjust enrichment, and declaratory judgment. ECF No. 66, pp. 9-14. But these causes of action are

misplaced. PowerFam should be asserting fraud and other causes of action against the alleged

fraudster, with supporting facts. Although PowerFam generally alleges it was defrauded into using

fake wiring instructions, PowerFam needs to support any fraud claim with specific facts showing

how the actual fraud occurred. Rule 9(b) ("In all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity."); *Molina-Aranda v. Black Magic*

*Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020) ("[P]laintiffs alleging fraud must

additionally describe, in short, 'the who, what, when, and where' supporting their fraud

allegations."). Those facts have not been alleged in this lawsuit.

To the extent a common question of law or fact exists, the Court should exercise its

discretion to deny permissive intervention because PowerFam's causes of action are duplicative

of BNB's claims. *See* ECF No. 16 (asserting claims for money had and received, unjust

enrichment, and declaratory judgment). PowerFam's causes of action are also subject to dismissal

for the same reasons that BNB's claims should be dismissed, including that they are preempted by

Article 4A of the Uniform Commercial Code and that both parties fail to allege the "who, what, when, where, and how" of the alleged fraud or mistake as required by Rule 9(b). *See* ECF No. 26, CIBanco's Motion to Dismiss, pp. 1-2, 4, 10-14. Thus, intervention would be futile.

PowerFam and BNB both speculate that CIBanco did something wrong. In its proposed Original Complaint in Intervention, PowerFam generally alleges that CIBanco "obtained the transferred funds by fraud or by taking undue advantage when it, on information and belief, knew or should have known that the funds were transferred on behalf of an individual seeking to defraud PowerFam." ECF No. 66, ¶ 16. But PowerFam alleges no specific facts to support these conclusory allegations. Thus, if PowerFam is allowed to intervene, its complaint would be subject to dismissal for this reason. *See* ECF No. 26, pp. 13-14.

BNB further speculates that CIBanco "contributed to the fraud," that "the unknown fraudster is actually well known to CIBanco," that CIBanco opened a bank account "to allow a fraudster to commit bank fraud," and that "CIBanco then likely allowed the fraudster to quickly abscond with the proceeds." ECF No. 68, ¶ 4. According to BNB (or at least its counsel), "it would not be surprising to see that the bank account was likely opened under suspicious circumstances and that the bank account was used to commit all sorts of criminal activities." *Id.* at ¶ 9. But none of these spurious accusations are included in PowerFam's proposed complaint. Even if they were, however, the complaint would be subject to dismissal for failing to allege specific facts to support these conclusory allegations. *See* ECF No. 26, pp. 13-14.

For these reasons, permissive intervention should be denied.

## IV.    CONCLUSION

For these reasons, the Court should deny Lois and James Kolkhorst d/b/a PowerFam Washes, LLC's Motion to Intervene.

Dated: February 5, 2026

Respectfully submitted,

*/s / John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.
AJAMIE LLP
Texas Bar No. 24040851
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
jedwards@ajamie.com

**ATTORNEY FOR CIBANCO S.A.**

## CERTIFICATE OF SERVICE

I certify that on February 5, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to all counsel of record.

*/s/ John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.