IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRENHAM NATIONAL BANK,**<br>***Plaintiff,***<br><br>**LOIS AND JAMES KOLKHORST D/B/A POWERFAM WASHES, LLC**<br>***Plaintiff/Intervenor***<br><br>**v.**<br><br>**CIBANCO S.A.**<br>***Defendant*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 1:25-CV-00263-ABD** |

## JOINT SUBMISSION SETTING FORTH DISCOVERY ISSUES

In accordance with this Court's Order Setting Status Conference, the parties met by Zoom on Monday, August 24, 2026, and based on that meeting, file this joint submission setting forth the discovery issues in this case.

This case involves a dispute over $360,801.37 (the "funds") wired from Intervenor Lois and James Kolkhosrt, d/b/a PowerFam Washes, LLC's ("PowerFam") bank account, held by Plaintiff Brenham National Bank ("Brenham"), to an account at Citibank, N.A. that belongs to CIBanco S.A. ("CIBanco"), a banking institution located in Mexico. Brenham and PowerFam allege that the funds were fraudulently transferred to CIBanco and seek recovery of the funds. CIBanco denies any liability.

**PowerFam Statement on Discovery:** PowerFam sent its initial discovery requests on Friday, July 17, 2026. In those requests, PowerFam sought identifying information regarding the account or accounts to which funds were transferred by the Kolkhorsts d/b/a PowerFam. PowerFam also sought information regarding CIBanco's policies and procedures regarding fraudulent transfers and the extent to which CIBanco is aware of or involved with the fraudulent activity targeting American consumers, like the Kolkhorsts.

CIBanco responded on August 17, 2026. In its responses, CIBanco largely refused to provide identifying information or documentation, citing Mexican law. PowerFam's position is that this response is insufficient. CIBanco submitted to the jurisdiction of this Court. CIBanco also disclaims liability by pointing the finger at the fraudulent actor(s), but at the same time refuses to identify those very same individual(s). PowerFam anticipates that the parties will have a significant dispute over the application of Mexican banking law in this case, as well as CIBanco's interpretation of the same.

In response to CIBanco, PowerFam believes that discovery is proper, even though there are other motions pending on the docket.

**Brenham Statement on Discovery:** To date, Brenham has neither served nor been served with discovery requests. Brenham agrees with PowerFam with respect to CIBanco's obligation to produce relevant documents that identify its customer. With respect to any discovery requests that may be sent to Brenham in the future, Brenham would object to the production of any internal policies and procedures. The Texas Supreme Court has analyzed that a company's policies and procedures may or may not be used against it as follows:

> [A party's] self-imposed policy with regard to inspection of its trailers, taken alone, does not establish the standard of care… As a Texas court of appeals explained, a company's internal policies "alone do not determine the governing standard of care." *Fenley v. Hospice in the Pines*, 4 S.W.3d 476, 481 (Tex. App.—Beaumont 1999, pet. denied). A federal court of appeals has also held that a defendant's internal policies do not, taken alone, establish the applicable standard of care. In *Titchnell v. United States*, 681 F.2d 165, 173 (3d Cir. 1982), the court stated: [I]f a health care facility, in striving to provide optimum care, promulgates guidelines for its own operations which exceed the prevailing standard, it is possible that care rendered at that facility by an individual practitioner on a given occasion may deviate from and fall below the facility's own standard yet exceed the recognized standard of care of the medical profession at the time. A facility's efforts to provide the best care possible should not result in liability because the care provided a patient falls below the facility's usual degree of care, if the care provided nonetheless exceeds the standard of care required of the medical profession at the time. Such a result would unfairly penalize health care providers who strive for excellence in the delivery of health care and benefit those who choose to set their own standard of care no higher than that found as a norm in the same or similar localities at the time.

*FFE Transportation Services, Inc. v. Fulgham*; 154 S.W.3d 84 (Tex. 2006). *See also Entex, A Div. of Noram Energy Corp. v. Gonzalez*, 94 S.W.3d 1, 10 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Jacobs-Cathey Co. v. Cockrum*, 947 S.W.2d 288, 291-92 (Tex. App.—Waco 1997, writ denied)) (holding that company's internal policies related to removing debris left at its work sites by other parties did not impose upon the company a negligence duty to parties injured by unremoved debris); *Estate of Catlin v. Gen. Motors Corp.*, 936 S.W.2d 447, 451 (Tex. App.—Houston [14th Dist.] 1996, no writ) (holding that company's safety policies restricting consumption of alcohol on its premises did not create negligence duty that would subject the company to liability for failing to comply with those policies); *Williford Energy Co. v. Submergible Cable Servs., Inc.*, 895 S.W.2d 379, 386-87 (Tex. App.—Amarillo 1994, no writ); *see also Salazar v. S. Cal. Gas Co.*, 54 Cal. App. 4th 1370, 63 Cal. Rptr. 2d 522, 525-32 (1997, review denied) (holding internal company policy of warning customers that elevating water heaters to at least eighteen inches would reduce the risk of flammable vapors being ignited did not create any duty).

Texas courts have recognized that a bank's internal procedures or other internal procedures may or may not superimpose a legal requirement over and above the UCC. See *Tex. Sw. Med. Supply, Inc. v. Tex. Commerce Bank – Dallas, N.A.*, No. 05-93-00001-CV, 1994 WL 246169, at *4-7 (Tex. App.—Dallas 1994, no writ). Because Brenham's internal policies and procedures with

respect to wire transfers do not inform the relevant duties imposed by the UCC, they will not lead to the discovery of admissible evidence and should not be produced.

Additionally, because no party has asserted any claims against Brenham, Brenham's internal policies and procedures have no bearing on any claim or defense and are irrelevant to each party's claim to the funds held in the registry of the Court.

**CIBanco Statement on Discovery:**

There is currently no discovery dispute that should be briefed or decided by the Court at this time. Any discovery motion is premature until the Court decides two motions to dismiss (one pending, one forthcoming).

The first motion is CIBanco's Motion to Dismiss (ECF No. 26), which was filed on July 22, 2024, and seeks to dismiss all claims asserted by Plaintiff Brenham National Bank in its First Supplement to its Original Complaint (ECF No. 16). CIBanco moved to dismiss these claims on several grounds, including that (1) Brenham's common law claims are preempted by Article 4A of the Uniform Commercial Code; and (2) Brenham failed to state a claim under Rules 8 and 9(b) of the Federal Rules of Civil Procedure. Briefing on this motion completed on August 22, 2024. The case was transferred from the Southern District of Texas to the Western District of Texas on February 20, 2025, and initially assigned to Judge Robert Pitman. As requested by him, CIBanco filed a Status Report on April 1, 2025 (ECF No. 49). This status report clarified that CIBanco renewed its arguments for dismissal on the above two grounds. The case was transferred to Judge Albright on April 14, 2025 (ECF No. 51). The case was then transferred to Judge Davis on August 20, 2026 (ECF No. 74). Thus, this motion has been pending for over two years.

The second motion to dismiss has not been filed yet. On February 23, 2026, the Court entered an order (ECF No. 71) granting PowerFam Washes, LLC's Amended Motion to Intervene (ECF No. 66). But, for some reason, PowerFam's Original Complaint in Intervention (attached as Exhibit A to ECF No. 66) has not been entered on the docket yet. Once it is, CIBanco intends to move to dismiss PowerFam's claims against CIBanco.

After the Court rules on these two motions to dismiss, the parties will have a better idea of the remaining issues in this case. The parties can then meet and confer on any discovery disputes, if any, that exist at that time.

Finally, two other motions are pending. Brenham filed a Motion to Disburse Funds Held in the Registry of the Court (ECF No. 28) on August 16, 2024. Briefing on this motion completed on September 13, 2024. CIBanco also filed a Motion to Disburse Funds Held in the Registry of the Court (ECF No. 48) on April 1, 2025. Briefing on this motion completed on May 28, 2025. If the Court grants either motion to disburse, then presumably no discovery would be needed, as the case would be resolved.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
dprichard@pomllp.com
PRICHARD OLIVER MONTPAS, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]

and

Kent Hance
State Bar No. 08881000
khance@hslawmail.com
HANCE SCARBOROUGH LLP
203 W. 10th Street
Austin, TX 78701
(512) 479-8888

**ATTORNEYS FOR**
**POWERFAM WASHES, LLC**

**AGREED AS TO FORM:**

*/s/ Greg DeVries*
William P. Huttenbach
State Bar No. 24002330
Greg DeVries
State Bar No. 24105802
CRAIN, CATON & JAMES
1401 McKinney, Suite 1700
Houston, TX 77010
(713) 658-2323 [Telephone]
(713) 658-192 [Facsimile]
whuttenbach@craincaton.com
gdevries@craincaton.com
***Counsel for Plaintiff,***
***Brenham National Bank***

*/s/ John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.
State Bar No. 24040851
AJAMIE LLP
Pennzoil Place – South Tower
711 Louisiana Street, Suite 1600
Houston, TX 77002
(713) 860-1600 [Telephone]
(713) 860-1699 [Facsimile]
jedwards@ajamie.com
***Counsel for Defendant CIBanco S.A.***

## CERTIFICATE OF SERVICE

I hereby certify that on the **25th day of August 2026**, I served the ***Joint Submission Setting Forth Discovery Issues*** on all known counsel of record in a manner authorized by the Federal Rules of Civil Procedure.

William P. Huttenback
Greg S. DeVries
CRAIN, CATON & JAMES, PC
1401 McKinney, Suite 1700
Houston, TX 77010-4035
phuttenback@craincaton.com
gdevries@craincaton.com
***Counsel for Plaintiff,***
***Brenham National Bank***

John S. "Jack" Edwards, Jr.
AJAMIE LLP
711 Louisiana Street, Suite 1600
Houston, TX 77002
jedwards@ajamie.com
***Counsel for Defendant CIBanco S.A.***

*/s/ David M. Prichard*
David M. Prichard