**FILED**
February 23, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRENHAM NATIONAL BANK,** *Plaintiff,* | § § § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-CV-00263-RP** |
| **CIBANCO, S.A.** *Defendant* | § § § | |

**POWERFAM WASHES, LLC'S ORIGINAL COMPLAINT IN INTERVENTION**

NOW COMES Intervenors Lois and James Kolkhorst d/b/a PowerFam Washes, LLC ("PowerFam") and files its Original Complaint in Intervention against Defendant CIBanco, S.A. ("CIBanco") and would respectfully show the Court as follows:

## I.
## PARTIES

1. Intervenors Lois and James Kolkhorst d/b/a PowerFam is a limited liability company authorized to do business in the state of Texas.

2. Plaintiff Brenham National Bank ("BNB") is a financial institution authorized to do business in the state of Texas.

3. Defendant CIBanco is a Mexican banking institution with its principal place of business in Mexico City, Mexico. CIBanco has appeared in this matter.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper as BNB resides in Brenham, Texas, which is in the Western District of Texas. Under 28 U.S.C. § 1397, venue is proper in the district where the claimant(s) reside.

Accordingly, Defendant CIBanco requested this case be transferred from the Southern District of Texas to this venue in its Motion to Dismiss or, in the alternative, transfer to the Western District of Texas. CIBanco has since submitted to the personal jurisdiction of this Court by withdrawing its motion to dismiss on grounds of personal jurisdiction and pursuing its Motions to Dismiss and Disburse Funds on other grounds.

## III.
## BACKGROUND FACTS

6. PowerFam was in the process of building a car wash when it requested wiring instructions to complete the purchase of equipment. A fraudulent actor posing as the equipment supplier provided fraudulent wiring instructions so that the money was sent to a CIBanco account that on information and belief would later disburse the money to him or her rather than the actual equipment supplier.

7. PowerFam sent these wiring instructions to BNB. On or about December 11, 2023, BNB completed a wire transfer from BNB to Citibank, N.A. ("Citibank"), a national bank doing business in Harris County, Texas, in the amount of $360,801.37.

8. Citibank deposited the wired funds into CIBanco's account. This account is maintained by Citibank.

9. Upon learning of the fraud, BNB contacted Citibank to demand return of the funds. Citibank refused to do so. On January 3, 2024, BNB filed its Original Petition and Application for Temporary Restraining Order and Temporary Injunction. On January 5, 2024, the 295th District Court of Harris County issued a Temporary Restraining Order that instructed Citibank to place a hold on the funds.

10. Since then, the case was removed to the Southern District of Texas, then transferred to this Court. The stolen $360,801.37 was interpleaded and sits in the registry of the Court.

11. The funds rightfully belong to PowerFam and are only in CIBanco's possession by criminal means.

## IV.
## CAUSES OF ACTION

### A. Money Had and Received

12. PowerFam adopts and incorporates by reference the foregoing paragraphs as if fully stated herein. Defendant holds money that in equity and good conscience belongs to PowerFam. *See London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Citibank disbursed the fraudulently wired funds to CIBanco's account. As the beneficiary of that fraudulently wired money, CIBanco is currently holding money that in equity and good conscience belongs to PowerFam.

13. Defendant should not have received the funds from PowerFam and BNB. Defendant received the fraudulently wired funds, and those funds in the amount of $360,801.37 rightfully belong to PowerFam.

### B. Unjust Enrichment

14. Plaintiff adopts and incorporates by reference the foregoing paragraphs as if fully stated herein. Defendant is seeking to obtain the funds currently held in this Court's registry. That money that rightfully belongs to PowerFam. If this Court returns the money seized from Defendant's account to Defendant, Defendant will be unjustly enriched from money that rightfully belongs to PowerFam through the wire transfer in dispute. A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *See Pope v. Garrett*, 211 S.W.2d 559, 560 (Tex. 1948).

15. A claim for unjust enrichment requires proof of the following elements: (1) defendants obtained a benefit from the plaintiff by fraud, duress, or taking undue advantage; or (2) when a

contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons. *Burlington N.R.R. v. Southwestern Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), aff'd 966 S.W.2d 467 (Tex. 1998).

16. Here, Defendant, as the beneficiary of Citibank, obtained the transferred funds by fraud or by taking undue advantage when it, on information and belief, knew or should have known that the funds were transferred on behalf of an individual seeking to defraud PowerFam. PowerFam therefore suffered a loss, and Defendant was unjustly enriched, in the amount of $360,801.37. Defendant used funds stolen from PowerFam to continue its business of transferring funds to its clients, including the client who is known to have defrauded PowerFam.

17. Funds in the amount of $360,801.37 have since been transferred from Defendant's account to this Court's registry for the duration of this case. If Defendant recovers those funds, it will once again be unjustly enriched in the amount of $360,801.37.

**C. Declaratory Judgment**

18. PowerFam adopts and incorporates by reference the foregoing paragraphs as if fully stated herein. PowerFam seeks a declaratory judgment stating that it is entitled to the $360,801.37 currently deposited into the registry of the Court pursuant to interpleader. The funds rightfully belong to PowerFam.

## V.
## CONCLUSION

WHEREFORE, POWERFRAM respectfully requests the Court enter judgment in favor of it against Defendant for:

(1) actual damages,

(2) exemplary damages,

(3) reasonable and necessary attorneys' fees,

(4) costs and expenses,

(5) pre- and post-judgment interest as allowed by law,

(6) declaratory relief, and

(7) any other relief to which it is justly entitled.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
dprichard@pomllp.com

PRICHARD OLIVER MONTPAS, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]

AND

Kent Hance
State Bar No. 08881000
khance@hslawmail.com
HANCE SCARBOROUGH LLP
203 W. 10th Street
Austin, TX 78701
(512) 479-8888

***ATTORNEYS FOR INTERVENORS LOIS AND JAMES KOLKHORST d/b/a POWERFAM WASHES, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on the **21st day of January 2026**, I served *PowerFam Washes, LLC's Original Complaint* on all known counsel of record in a manner authorized by the Texas Rule of Civil Procedure.

William P. Huttenback
Greg S. DeVries
CRAIN, CATON & JAMES, PC
1401 McKinney, Suite 1700
Houston, TX 77010-4035
phuttenback@craincaton.com
gdevries@craincaton.com
***Counsel for Plaintiff,***
***Brenham National Bank***

Daniel Avila II
REED SMITH, LLP
1221 McKinney St., Suite 2100
Houston, TX 77010
***Counsel for CitiBank, N.A.***

John S. Edwards, Jr.
AJAMIE LLP
711 Louisiana Street, Suite 1600
Houston, TX 77002
jedwards@ajamie.com
and
Nicholas Petree
AHMAD, ZAVITSANOS & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston, TX 77010
npetree@ajamie.com
***Counsel for CIBanco***

*/s/ David M. Prichard*
David M. Prichard