**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK, *Plaintiff,* | § § § | |
| V. | § | Case Number: 1:25-CV-00263-RP |
| CIBANCO S.A., *Defendant.* | § § § | |

**BRENHAM NATIONAL BANK'S BRIEF IN SUPPORT OF POWERFAM WASHES, LLC'S RESPONSE TO CIBANCO'S MOTION TO DISMISS**

Brenham National Bank ("**BNB**") files this Brief in Support of Powerfam Washes, LLC's ("**Powerfam**") response to CIBanco S.A.'s ("**CIBanco**") Motion to Dismiss and would respectfully show as follows:

**FACTS**

1. It is undisputed that BNB's bank customer, Powerfam, was in the process of building a car wash when it requested wiring instructions to complete the purchase of equipment. A fraudster posing as the equipment supplier provided fraudulent wiring instructions so that the money would be sent to him or her rather than to the equipment supplier. Powerfam instructed BNB to send the wire transfer in the amount of $360,801.37. Unbeknownst to BNB or Powerfam, the money was sent to the fraudster by sending the wire to Cibanco's account maintained by Citibank. Upon learning of the fraud, BNB contacted Citibank to demand the return of the funds. Cibanco was never entitled to receive those funds. It is undisputed that this bank fraud occurred.

2. With regards to the procedural history, after the bank fraud occurred and Powerfam realized what had happened after the true intended recipient never received the wire transfer, BNB demanded the funds back from Citibank. After Citibank refused to return the funds, BNB filed suit

in the 295th District Court of Harris County on January 5, 2024. Citibank removed this case to this Court and interpleaded the stolen funds into the registry of the Court per this Court's Order. Following Citibank's tendering of the funds into the registry of the Court, the parties filed a stipulation of dismissal as to BNB's claims against Citibank. Upon learning that the Citibank account belonged to Cibanco, BNB filed its First Supplement to its Original Complaint.[1] Powerfam has also intervened to make its own claim to the funds held in the registry of the Court.[2]

3. The court is now tasked with determining who has the superior claim to the funds, BNB/Powerfam or Cibanco. Importantly, Cibanco's only claim to the funds is solely based upon an outgrowth of fraud. Without the fraud perpetrated on Powerfam, Cibanco would have never received any of the disputed funds or have any legitimate claim to the funds. These funds were stolen from Powerfam, and Cibanco knows this. CIBanco filed motions to dismiss BNB and Powerfam's claims, though its arguments assert no independent claim to the funds. For the reasons stated herein, CIBanco's motions should be denied.

## ARGUMENT

A. CIBanco Improperly Relies on Facts Outside of those pled by the Non-Movant.

4. CIBanco's motion begins by reciting the correct standard. The Court must "accept[] 'all well pleaded facts as true, viewing them in the light most favorable…" to the non-movant.[3] CIBanco then sets that standard aside in its dismissal arguments and completely disregards the facts pled by both BNB and Powerfam. Instead, CIBanco relies on a completely different account of the transaction, drawn from its own declaration. Rule 12(b)(6) does not permit this. The interpleader posture of this case makes the error more serious still, because CIBanco is asking the

[1] *See* Doc. No. 16.
[2] *See* Doc. Nos. 66, 71.
[3] ECF No. 82 at 3 (quoting *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 346 (5th Cir. 2013)).

Court to decide the claimants' competing rights to the registry funds on a record CIBanco improperly built itself.

5. At this stage, the Court's review is limited to the facts pled by the non-movant. PowerFam's Complaint in Intervention alleges a straightforward sequence of facts which is very similar to the facts pled by BNB and by Citibank when it sought to interplead the funds: A fraudster posing as PowerFam's equipment supplier sent Powerfam false wiring instructions.[4] On or about December 11, 2023, the funds were wired to an account owned by CIBanco and maintained at Citibank, N.A.[5] Citibank deposited the funds into CIBanco's account.[6] The funds remained in CIBanco's account until a Harris County court froze them and they were later interpleaded into this Court's registry.[7]

6. CIBanco's dismissal arguments rely on facts exclusively pled by CIBanco. CIBanco describes the receiving account as a "correspondent account" used to facilitate international trade and foreign exchange.[8] Its only source is the Declaration of Roberto Pérez Estrada.[9] CIBanco asserts that the funds were "ultimately credited to CIBanco's customer."[10] It cites nothing to support this position, and no facts pled by any nonmovant state this. In fact, PowerFam alleges the opposite: the funds sat in CIBanco's account until they were frozen and interpleaded into the registry of the Court.[11] CIBanco also repeatedly calls itself the "beneficiary bank."[12] The Complaint alleges that CIBanco owned the account into which Citibank deposited

[4] ECF No. 79 ¶ 6.
[5] *Id.* at ¶7-8.
[6] *Id.*
[7] *Id.* at ¶9-10.
[8] ECF No. 82 at 2.
[9] ECF No. 26-1 ¶ 11.
[10] ECF No. 82 at 3.
[11] ECF No. 79 ¶ 9–10.
[12] ECF No. 82 at 6–8.

the funds, making CIBanco the beneficiary, not the beneficiary's bank.[13] Whether CIBanco acted as the beneficiary of the payment order, as a beneficiary's bank, or as something else depends on the terms of the payment order. That document is not before the Court, and nothing pled by Powerfam or BNB supports the contention that CIBanco is the beneficiary's bank. Yet again, the non-movant pleadings support the opposite conclusion: that CIBanco was the beneficiary of the payment order.

B. CIBanco's Motion Improperly Relies Exclusively in an Impeachment of Powerfam's Claim to the Funds.

7. CIBanco's dismissal arguments also fail because they fail to rely on CIBanco's claim to the funds and instead rely on attacking everyone else's claim. In an interpleader action, each claimant must establish its own right to the res. The Fifth Circuit stated the rule directly in *Syms v. McRitchie*: a claimant "must recover, if at all, upon the strength of his own title, not upon the weakness of his adversary's."[14]

8. In *Syms*, Broward County Kennel Club filed an interpleader under 28 U.S.C. § 1335 and Rule 22 to decide who owned 172 shares of its stock and about $94,600 in declared but unpaid dividends.[15] Years earlier, Syms sold the shares to Lee McRitchie, who was not yet a stockholder.[16] A corporate by-law required any stockholder who wanted to sell to a non-stockholder to first offer the shares to the other stockholders, and Syms never did that.[17] After an earlier derivative suit interpreted the by-law, Syms told the corporation that his own sale to McRitchie was illegal and claimed the shares and dividends for himself. The corporation then interpleaded the stock.[18]

---

[13] ECF No. 79 ¶ 7–8.
[14] *Syms v. McRitchie*, 187 F.2d 915, 917–18 (5th Cir. 1951)
[15] *Id.*
[16] *Id.* at 917.
[17] *Id.*
[18] *Id.* at 918.

9. Syms's claim rested entirely on attacking McRitchie's title. He argued that McRitchie's purchase was void under the by-law and that the earlier judgment estopped McRitchie from saying otherwise.[19] The Fifth Circuit held Syms could not recover by impeaching McRitchie's title; he had to recover on the strength of his own.[20]

10. The same rule controls here. CIBanco's motion makes no claim to title of the funds. Rather, it simply attacks Powerfam's claim to ownership by alleging preemption, failure to state a claim, and failure to adequately plead fraud. This is important because a court holding deposited funds must determine which party is the true owner of the funds,[21] and an attack on another person's argument to the funds is not a claim to the funds in and of itself. CIBanco's arguments are insufficient in an interpleader context, and the motion should therefore be denied.

C. Incorporation of Prior Arguments.

11. In an abundance of caution, and to avoid any waiver, estoppel, or similar arguments, BNB hereby incorporates all arguments it previously made in response to CIBanco's Motion to Dismiss and all arguments raised by Powerfam in its briefing on CIBanco's Motion to Dismiss.[22]

---

[19] *Id.*
[20] *Id.* at 919.
[21] *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 162, 101 S. Ct. 446, 451, 66 L. Ed. 2d 358 (1980)
[22] *See* Doc. Nos. 30, 35, 83.

WHEREFORE, PREMISES CONSIDERED, BNB respectfully requests that this Court deny CIBanco's pending motions to dismiss.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ William P. Huttenbach*
William P. Huttenbach
State Bar No. 24002330
Greg DeVries
State Bar No. 24105802
1401 McKinney, Suite 1700
Houston, Texas 77010
713.658.2323 Telephone
713.658.1921 Fax

**ATTORNEY FOR BRENHAM NATIONAL BANK**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF filing system.

*/s/ William P. Huttenbach*
William P. Huttenbach